# Fawcett *versus* Bigley.

1. The narrative of an agent of a past occurrence cannot be received as proof against the principal of the existence of such occurrence.

2. The defendant's barges broke from their mooring, ran into the plaintiff's barges and destroyed one of them and its cargo. Declarations of the agent of defendant who had charge of his barges, made immediately after the accident, could not be given in evidence to charge the defendant.

November 6th 1868. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ. READ, J., absent.

Error to the District Court of *Allegheny county*: Of October and November Term 1868, No. 48.

This was an action on the case by Thomas Fawcett against Nathan Bigley for negligence of the defendant's servants, from which the coal-barges of the defendant were allowed to strike a

[Fawcett *v.* Bigley.]

barge of the plaintiff, causing it to sink and lose barge and cargo. The writ was issued May 17th 1867.

On the trial before Hampton, P. J., the plaintiff gave evidence to maintain the issue on his part, and proposed to prove by J. McCleary " that within one hour after the accident he had a conversation with John West, the agent of defendant, having custody and control of defendant's barges: that in the conversation West told witness that the getting away of the barges was defendant's fault; that if he had sent him (West) ropes and men in the morning, as he had requested him to do, he could have held the whole fleet safe, and that all would have been right."

The offer was overruled and a bill of exceptions sealed.

The plaintiff then offered to prove by the same witness " that immediately after the accident he had a conversation with John West, the agent of defendant, having the charge of his fleet. That in that conversation he told witness that he had not sufficient lines to hold his fleet; that in the morning before the accident he had sent a written notice to Mr. Bigley for more lines, and more men to help put the lines on, and that he never came near him."

This offer was overruled by the court and a bill of exceptions sealed.

The defendant gave evidence by West and other witnesses that the fastenings of the defendant's barges were strong and safe, and that the accident was inevitable; and rested.

The plaintiff, in rebuttal, proposed to prove by McCleary " that he is a river man of fourteen years' experience; that he observed the fastenings of the defendant's fleet on the day of the accident; that they were, in his judgment, wholly insufficient and insecure in the then stage and condition of the river." The same to be followed by like testimony, as to the insufficiency and insecurity of the fastenings of defendant's fleet, by other witnesses of experience in such matters." This was objected to as not being rebutting—rejected by the court, and a bill of exceptions sealed.

There was a verdict for the defendant.

The plaintiff having removed the case to the Supreme Court, assigned for error the rejection of his offers of evidence.

*Kirkpatrick & Mellon,* for plaintiff in error.—The declarations of an agent whilst engaged in the business of his principal are evidence against the principal: Dick *v.* Cooper, 12 Harris 217; Kimball *v.* Huntingdon, 10 Wend. 675; Brehm *v.* Great Western Railway, 34 Barbour 256; The Manchester, 1 W. Robb 62; Featherman *v.* Miller, 9 Wright 96. Anything that is a direct reply to the other side, is rebutting: The Louisiana, 3 Wallace 230; Stetson *v.* Croskey, 2 P. F. Smith 230; Bouvier's L. Dict., *Rebutting Evidence.*

[Fawcett v. Bigley.]

*M. W. Acheson*, for defendant in error.—The declarations of West did not refer to what occurred at the time of the accident: Featherman v. Miller, *supra;* 1 Greenlf. on Ev. § 110; Scraggs v. The State, 8 Smedes & Marsh. 722; Enos v. Tuttle, 3 Conn. R. 250; Langhorn v. Atworth, 4 Taunt. 511; Wilson v. Sherlock, 36 Me. 295; Fogg v. Child, 13 Barb. 246; Hough v. Doyle, 4 Rawle 294; Hannay v. Stewart, 6 Watts 489; Patton v. Minesinger, 1 Casey 393.

The opinion of the court was delivered, January 4th 1869, by

AGNEW, J.—The offers to prove the declaration of John West, made after the accident, that it was caused by the omission of Bigley to furnish proper lines and assistance to secure the boats, was properly rejected. Clearly they were but the statements by West of a past transaction, and not declarations made in the course of Bigley's business, contemporaneous with, and qualifying or explaining the acts in which he was engaged as the agent of Bigley. They came clearly within the rule that the narrative of an agent of a past occurrence cannot be received as proof against the principal of the existence of such occurrence: 1 Greenleaf's Ev. § 110; Patton v. Minesinger, 1 Casey 393; Hannay v. Stewart, 6 Watts 487.

If West knew the facts he could be called to prove them. But after the accident he stood in antagonism to his employer. The boats were in his charge, and if they were lost by his negligence he might be held responsible by Bigley for the loss he had caused. It was now his interest to lay the fault at Bigley's door for not furnishing proper lines and help.

The error assigned to the rejection of the alleged rebutting evidence is not sustained. The plaintiff in error has furnished neither the declaration showing the nature of the alleged negligence, nor the evidence given by him under it. We are not in a situation to judge whether the evidence offered as rebutting was really so, or was only cumulative to that given in chief. We must therefore take the statement of the judge in the bill of exception as true, that the plaintiff had gone fully into this part of his case in chief, and had called and examined this witness twice, as well as many others, and that the evidence offered was not rebutting.

Judgment affirmed.