WHIPPLE A. DARLING, RESPONDENT, v. THE OSWEGO
FALLS MANUFACTURING COMPANY, APPELLANT.

*Evidence — when the statements of an agent are not admissible as against his princi-
pal — what statements of an agent are inadmissible as a part of the* res gestæ.

The buildings occupied by the defendant, for the manufacture of wool, having
been partially destroyed by fire, and a portion of the walls having fallen, and
other portions thereof being insecure and dangerous, a Mr. Ware was employed
by the defendant to put the buildings in a safe and secure condition.   When the
portion of the wall fell, it left standing portions of a brick cornice some thirty
feet above the ground.   Some of the brick in it were loose and liable to fall
from a slight jar of the wall.   A few days after the accident the plaintiff and
some other laborers were employed by the defendant to assist in repairing the
building under the direction of its superintendent, Mr. Ware.   While working
near the wall above referred to, in removing a stick of timber, the plaintiff
claimed that he was injured by the falling of a brick upon his leg.   It was not
claimed that the fall of the brick was occasioned by the removal of the timber,
and the defendant claimed that if any brick fell it was by reason of the jarring
of the wall by the running of machinery in other parts of the buildings.
Upon the trial of this action, brought to recover damages for the injury so
alleged to have been occasioned, the plaintiff was allowed, against the defend-
ant's objection and exception, to testify that after the removal of the timber,
and some two minutes after the occurrence of the accident, he told Mr. Ware
of it, and that the latter stated that the brick came from the cornice; that he
saw that some of the brick there were loose and lay corner-wise and off the
cornice the day before, and that he meant to have them thrown down, but
did not, and that he then called to one of the men to go with him and throw
off the loose brick.
*Held,* that the court erred in allowing the witness to testify as to the statements
so made by Ware.

APPEAL from a judgment, entered upon a verdict in the plaintiff's favor, for the sum of $500, and from an order denying a motion

for a new trial made on the minutes of the justice before whom the action was tried.

This action was brought to recover damages for personal injuries alleged to have been occasioned by the defendant's negligence. At the time of the injury the plaintiff was in the service of the defendant as a laborer.

*W. J. Townsend,* for the appellant.

*S. N. Dada,* for the respondent.

BARKER, J. :

The defendant is a trading corporation, manufacturing wool into cloth, by the use of machinery, propelled by steam-power, located at Oswego Falls, its home office being in the city of New York.

During the morning of the only day the plaintiff was in the employ of the defendant, he received, as he alleges, an injury to one of his legs, below the knee; that the same occurred in consequence of the negligence of the defendant, its officers and agents in directing him to labor in an exposed and dangerous place, of which he was wholly ignorant. The buildings occupied by the defendant were partially destroyed by fire a few days previous to the accident, the end brick wall of one of the buildings was injured and partly fell, leaving portions of the brick cornice some thirty feet above the ground with some of the brick therein loose and liable to fall on a slight jar of the wall. The defendant engaged Mr. Ware to put the building in a safe and secure condition, which the defendant claims was done; all the loose brick liable to be displaced were removed before the plaintiff was engaged to labor for it. The morning of the accident the superintendent, with some laborers including the plaintiff, were at the factory engaged in repairing and restoring the buildings. At this time the machinery was running in some one of the buildings. The defendant's evidence tended to show that the wall was jarred by the action of the machinery. Near the wall described and within three or four feet of it, the superintendent, the plaintiff and others, were engaged in lifting and moving a piece of timber, several feet in length, the same being wholly separate and detached from any of the buildings. While the plaintiff was thus engaged a brick fell from the cornice

and injured the plaintiff, as the proof tends to show. The party of men moved the timber some eight or ten feet, and laid it down, and the plaintiff immediately complained of the injury. He then and there and within two minutes had a conversation with Mr. Ware the superintendent, concerning the injury. There is no claim that the moving of the timber disturbed the wall or in any way caused the brick to fall.

In its answer, the defendant denied that the plaintiff was injured that morning, or that any brick fell as claimed by him, and on the trial contested the plaintiff's right to recover for these reasons, and the proof tended to support this position. On the trial, and as a part of his proof-in-chief, the plaintiff offered to prove by his own evidence the statements made by Ware at the time and place already mentioned, with a view of showing that at the time the plaintiff came on the work and at the time of the injury the wall was in an unsafe and insecure condition, and that the superintendent knew the fact. The defendant objected to the evidence upon the ground that it was incompetent, immaterial and irrelevant, and that it did not appear that Mr. Ware, the superintendent, was authorized to represent or speak for the defendant, and that his declarations or admissions made at that time were not evidence against the defendant. The objection was overruled, and the defendant excepted.

The plaintiff then gave the following evidence: " Mr. Ware said that ' he knew where the brick came from.' He said : ' It came from up there,' pointing to the cornice; there was some brick that lay corner-wise and off the cornice ; he said : ' I saw they were loose, yesterday, and I meant to have them thrown down ; I miss one of them ; he called to Mr. Mosher and said : ' Let us go up and throw off those brick ; ' they started from where I was and went into the building out of my sight; he pointed to loose brick in the cornice on the building that had burned."

Was this evidence competent? In my judgment it was not. It is a mere statement as to the condition of the wall on a prior day, and as to the superintendent's intentions to remove the same. The declaration was not made in relation to any act then being done by Mr. Ware or the plaintiff, but it related to a collateral circumstance which happened at another time. It is mere hearsay evidence, and its reception was in violation of a fundamental rule

of evidence. The acts and movements of Ware and the plaintiff that morning did not directly nor remotely cause the brick to fall. The circumstance of its falling would have been the same if they had been a mile away and otherwise engaged. When the statement was made by Ware the accident had occurred, and all the circumstances connected with it were over; the men under Ware had come to a standstill; the plaintiff had related the nature of the injury he had received; no one was certain as to the cause of it; and an inquiry was begun between the plaintiff and his co-servants as to the cause of the injury. Ware, as the agent and servant of the defendant, had no authority to make an admission concerning the injury. The statement of facts which Ware made to the plaintiff did not relate in the least degree to any of the acts performed by himself for the defendant, after the plaintiff had entered the service of the defendant. On the contrary, the admissions related to the condition of the wall and to the acts and omissions of one of the defendant's servants, at a time when the plaintiff had no concern in either. The facts and circumstances of this case place it outside the rule which permits the admissions of an agent to be proved against and made binding on his principal.

The true rule, which is well understood and of universal acceptance, is correctly stated in Greenleaf on Evidence, with its limitations and qualifications, and is as follows: "The principal constitutes the agent his representative, in the transaction of certain business; whatever therefore the agent does in the lawful prosecution of that business is the act of the principal whom he represents. And where the acts of the agent will bind the principal, there his representations, declarations and admissions, respecting the subject-matter will also bind him, if made at the same time and constituting part of the *res gestæ.* * * * But the admission or declaration of his agent binds him only when it is made during the continuance of the agency in regard to a transaction then depending." * * * When thus limited the declarations "are of the nature of original evidence and not of hearsay; the representation or statement of the agent in such cases being the ultimate fact to be proved and not an admission of some other fact." (See vol. 1, §§ 113; Story on Agency, §§ 134, 137; 1 Taylor on Evidence, §§ 526, 541.)

There is difficulty at times in applying the principle laid down

by these authors. Numerous cases have been adjudicated wherein it is decided that the declarations and admissions of an agent are not receivable in evidence against his principal. The following decisions illustrate the rule, the facts and circumstances being similar to those in this case.

In *Luby* v. *The Hudson River Railroad Company* (17 N. Y., 131), the defendant was charged with negligence in running one of its cars drawn by horses, against the plaintiff and causing injuries. The driver was at once arrested by a policeman, and on being so arrested assigned as a reason why he did not stop the car, that the brakes were out of order. On the trial the plaintiff was permitted to prove the admissions of the driver as made to the policeman, and this was held to be error, the court in its opinion laying down the rule as follows: "The declarations of an agent or servant will not in general bind the principal. * * * To be admissible they must be in the nature of original and not of hearsay evidence. They must constitute the fact to be proved and must not be the mere admission of some other fact. They must be made; not only during the continuance of the agency, but in regard to a transaction depending at the very time." And in commenting upon the facts of the case the court further remarked: "The declaration (of the driver) was no part of the driver's act, for which the defendants were sued. It was not made at the time of the act, so as to give it quality and character. The alleged wrong was complete, and the driver, when he made the statement, was only endeavoring to account for what he had done. He was manifestly excusing himself and throwing the blame on his principal."

In *White* v. *Miller* (71 N. Y., 136) the rule is stated as follows: "That the declarations of the agent are inadmissible to bind the principal unless they constitute the agreement which he is authorized to make, or relate to and accompany an act done in the course of the agency, is applicable in all cases, whether the agency is a general or special one or the principal is a corporation or a private person."

In *Packet Company* v. *Clough* (20 Wall., 528) the action was for personal injuries sustained by a passenger being transported upon one of the boats of the plaintiff in error. The passenger received the injuries while attempting to go aboard the boat and fell from the gangway provided for the use of passengers and received the injuries

for which the suit was brought. The passenger remained on the boat for some days, and some forty-eight hours after the accident she had a conversation with the captain about the accident which she, as a witness, was permitted to relate upon the trial, and it was as follows : " He said it was through the carelessness of the hands in putting out the plaink that I fell ; that they did not put out the regular plank, but loose planks." This was held to be error.

*Fawcett* v. *Bigley* (59 Pa., 411) is in point. The defendant's barges had broke from their moorings and ran into the plaintiff's barges and destroyed one of them and its cargo. The plaintiff offered to prove on the trial the declarations of the defendant's agent who had charge of the barge, made immediately after the accident happened, with a view of establishing the defendant's negligence, that there was want of sufficient ropes and tackle on the barge owned by him. The offer was excluded and it was held not to be error.

The case of the *Hanover Railroad Company* v. *Coyle* (55 Pa., 402) is supposed, by the learned counsel for the plaintiff, to support the ruling at the circuit, but upon close examination it will be found unlike the case at bar in an important particular. In that case a peddler's wagon was struck at a highway crossing and the peddler injured by a locomotive and his goods strewn over the ground near by. The engineer came upon the ground at once and made a statement concerning the accident and how it happened. The court held that his declaration was a part of the transaction itself, one of the circumstances connected with the injury, and remarked : " We cannot say that the declaration of the engineer was no part of the *res gestœ*. It was made at the time of the accident in view of goods strewn along the road by the breaking up of the boxes, and seems to have grown directly out of and immediately after the happening of the fact."

It will be observed that in that case the declaration was made by one of the actors in that occurrence, and illustrated the character of his act and was contemporary with it and did not relate to a matter that happened at another time and place.

There is a class of cases where the declarations of a party who has received personal injuries in consequence of the negligence of another, have been received in evidence when made contemporane-

ous with the event as being part of the *res gestæ* and so near the main fact as to be proved with it and as a part of the same transaction and occurrence. Among such cases are *Waldele* v. *New York Central and Hudson River Railroad* (29 Hun, 35); *Commonwealth* v. *McPike* (3 Cush., 181); *Brownell* v. *Pacific Railroad Company* (47 Mo., 339); *Insurance Company* v. *Mosly* (8 Wall., 397), all of which are cited in the respondent's brief. These cases are not hostile in principle with those already cited, and are upheld upon the ground that they were uttered by one of the actors in the transaction to which they relate and before the affair was fully terminated.

In reaching the conclusion that a new trial should be granted, I do not intend to suggest that the plaintiff is not entitled to a verdict upon the merits, but only to express the opinion that the defendant's negligence was not proved by competent evidence.

New trial granted, with costs to abide the event.

Present — SMITH, P. J., HARDIN and BARKER, JJ.

Judgment and order reversed and new trial granted, costs to abide event.