## McCullough *versus* Shoneman.

1. In an action to recover damages from one person for the negligence of
   another upon the principle of respondeat superior, the plaintiff cannot
   recover unless it be made to appear that the relation of master and ser-
   vant in fact existed, whereby the negligent act of the servant was legally
   imputable to the master.

2. Where the occupant of a store gave permission to, or directed the ser-
   vant of another to remove merchandise which had been sold to the lat-
   ter by throwing it out of an upper window into a street below, and said
   servant negligently threw it out so that it struck and injured a passer
   by: *Held*, that the person injured had no right of action against the
   occupant of the store.

January 24, 1884.   Before MERCUR, C. J., GORDON, PAX-
SON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 4, of *Philadel-
phia county:* Of July Term, 1883, No. 194.

Case, by John McCullough against William Hemingway and
Louis Shoneman, to recover damages for personal injuries

[McCullough *v.* Shoneman.]

sustained by the plaintiff, caused as alleged by the negligence of defendants' servants. Plea, by each defendant, not guilty.

The undisputed facts, as they appeared on the trial, before ARNOLD, J., are set forth in the opinion of this court, infra. The jury found a verdict for the plaintiff, against both defendants, for $4,000, subject to the point reserved, whether upon said facts the defendant, Shoneman, was liable to the plaintiff in this action. The court subsequently, in an opinion by ARNOLD, J., entered judgment for the plaintiff against the defendant, Hemingway, on the verdict, and entered judgment on the point reserved in favor of the defendant, Shoneman, *non obstante veredicto.* The plaintiff thereupon took this writ of error, assigning for error the judgment for defendant, Shoneman, *non obstante veredicto.*

*John G. Johnson,* for plaintiff in error.—Shoneman is liable because he directed the men to remove the bags by the window, knowing that this act was one fraught with danger to those passing on the street. The act complained of was done by Hemingway's servants, under the direction of an agent of Shoneman, sent by the latter to show the servants how to get the bags out. Shoneman and Hemingway might jointly have undertaken personally to remove the bales, and if they had done this negligently they would undoubtedly have been jointly liable. The same responsibility is incurred when they do a negligent act by their several servants : Wray *v.* Evans, 30 Smith, 105; Painter *v.* The Mayor, etc., 10 Wr., 220 ; Shearman and Redfield on Negligence, § 788; Wilson *v.* Peto, 6 Moore, 47; Wright *v.* Wilcox, 19 Wend., 343; Klauder *v.* McGrath, 11 Casey, 129.

*R. P. White* (*Mayer Sulzberger* with him), for defendant in error.—No man is liable for the negligence of another unless that other is his instrument in doing the act which causes the injury. A direction given by a stranger controls no one. Ardesco Oil Co. *v.* Gilson, 13 Smith, 150 ; Joslin *v.* Ice Co., 50 Mich., 517; Holmes *v.* Halde, 74 Maine, 29 ; Stevens *v.* Armstrong, 2 Selden, 435 ; Peachey *v.* Rowland, 13 C. B., 182; Butler *v.* Hunter, 7 H. & N., 826 ; Gray *v.* Pullen, 32 L. J. Q. B., 169 ; Painter *v.* The Mayor, etc., 10 Wr., 223. The test of service is this : Who paid for the doing of the work? To whom would the men be liable for default in the doing of it? Even had Shoneman's direction, not to bring the bags down through the store, been a cause of the accident, still it would have been only the remote and not the immediate cause : Wharton on Negligence, §§ 134 and 143; Ins. Co. *v.* Tweed, 7 Wallace, 52 ; Carter *v.*

Towne, 103 Mass., 507. There cannot be two superiors severally liable for the same wrongful act. Wray *v.* Evans, 30 Smith, 102.

Mr. Justice PAXSON delivered the opinion of the court, February 4, 1884.

The defendant was sued with William Hemingway, and a verdict rendered against both. The court below reserved the question of Shoneman's liability, and subsequently entered judgment in his favor, *non obstante veredicto*. As the jury have found that Shoneman took part in the work and was negligent, the case requires an examination of the testimony to see whether there was sufficient evidence of his participation in the act complained of. If there was, the verdict must stand.

The plaintiff was injured by a large bale of waste paper falling upon him as he was passing along Birch's place, a small, narrow street. It was thrown from one of the upper windows of defendant Shoneman's store, under the following circumstances: Shoneman had a large quantity of waste paper in the upper story of his building. He sold it to the defendant, Hemingway, who is a dealer in waste paper and rags. Hemingway sent two men, Dickson and Williams, to Shoneman's store to pack and tie the paper up in bags, and a few days after to take it away. They dropped the bags out of a window, in the side of the store, down to the street, and put them on a wagon. One bag had been thrown down safely, and then a second bag was dropped, which struck and injured the plaintiff. The bags were about six feet high, and weighed about 175 pounds. It appeared that this was the usual way of getting out the paper. Shoneman told the men not to take it down the stairway; in view of the size of the bags it was inconvenient, if not impracticable, to do so; the only way left was for the men to throw it out the window, and Shoneman knew it had been thrown out upon former occasions. He sent his cash boy, a lad of about sixteen years of age, up-stairs with them, and there was evidence that the boy told the men to throw the bales out of the window.

This statement of Shoneman's share in the transaction is stated as strongly as it will bear for the plaintiff. Is it sufficient to render Shoneman liable for the injury?

There are three facts here about which there can be no dispute. 1st. The building in which the paper was stored belonged to defendant Shoneman. 2d. He had sold the rags to Hemingway, who was to take them away, and 3d. Dickson and Williams, the two men who went to Shoneman's store for

that purpose, were the servants or agents of Hemingway, and were in his employ at the time the accident occurred.

When, therefore, Dickson and Williams called at Shoneman's store, and were shown the paper, and instructed to take it away, there was a delivery in law and in fact to Hemingway; the title passed to him, and the mere fact that it was still on Shoneman's premises, would not make him responsible for the conceded negligence of Hemingway's servants in removing it, unless he (Shoneman) in some way interfered with or directed the manner of said removal. Did he do so? The whole case narrows down to this single point. It is alleged that he either directly, or through the boy that he sent up with the men, directed the bales to be thrown out of the window. Granted. But he did not direct the men to throw them upon the heads of passers-by. They might have been thrown out with perfect safety, and had been upon former occasions. Had he directed the men to take them down the stairway, and an accident had occurred, would he have been responsible? This is not pretended, yet there would be as much reason to hold him in the one case as in the other. Shoneman had no reason to suppose that the bales would be thrown out of the window carelessly, so as to injure any one. He had given no such direction, and he was not responsible for the manner of the removal, for the reason that the property was no longer his, and the men were not in his employ. All that Shoneman did was to point out the place of exit from his premises, and surely a property owner may do this without making himself liable for the negligence of another man's servants in the manner of the removal of the articles.

The case of Stevens *v.* Armstrong & Squires, 2 Selden, 435, is in point. There the defendants were merchants in the city of Troy, N. Y. They sold to the Messrs. Plum a box which was in the upper loft of the defendant's store. The Messrs. Plum sent their porter for it. The latter went upon defendant's premises to remove it, and while engaged in lowering the box with a tackle, an accident occurred through the porter's negligence, by means of which the plaintiff was injured. The Court of Errors and Appeals ruled that "the defendants could not be held liable for the negligent acts of the porter, by virtue of the principle applicable to the relation of master and servant, unless that relation in fact subsisted. Knowing and permitting the porter to go into the loft to get the box, being in fact at the time the servant of Plum, and actually acting in his employment, did not constitute the porter in any degree the agent or servant of the defendants while engaged in removing the box. The relation of master and servant cannot be created but by contract,

[Bowlby *v.* Thunder.]

express or implied, between the master and servant." The only distinction between that case and the one in hand, consists in the fact that in the latter Shoneman directed the bales to be thrown out of the window, which is a distinction without a difference. If in this New York case the defendants had directed the porter to lower the box by means of the tackle they would not have been responsible for his negligence in doing so any more than Mr. Shoneman is liable for having directed Hemingway's servants to remove the bales by way of the window. I concede that if Shoneman had directed the manner of throwing the bales out of the window, and that if this particular bale had been thrown in accordance with such direction he would have been responsible. This is as far as the cases go.

The doctrine of *respondeat superior* is at best a severe rule. Were we to give it the construction claimed for it by the plaintiff we would extend it beyond the authority of any adjudicated case, and further than a sound interpretation of the law requires.

We are of opinion that the learned judge of the court below was right in entering judgment *non obstante veredicto* in favor of the defendant Shoneman, and the

Judgment is affirmed.