| 204 | 517 |
| 215 | 577 |

## Patton *v.* McDonald, Appellant.

*Negligence—Master and servant—Evidence of employment—Assignment of contract.*

Where a person having a government contract, the assignment of which is prohibited, nevertheless assigns it to a corporation of which he is a large stockholder, and thereafter acting for the corporation hires a workman without any representations to the workman whatever as to who is employing him, and the latter starts on the work covered by the contract, and is injured by the negligent act of the superintendent of the corporation, the original contractor is not liable to the workman for the injuries sustained, and this is the case although the workman may have known from the newspapers of the original award of the contract, and may not have actually known that he was working for the corporation.

Argued Oct. 31, 1902.  Appeal, No. 122, Oct. T., 1902, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1899, No. 211, on verdict for plaintiff in case of Montgomery Patton *v.* C. I. McDonald.  Before MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ.  Reversed.

Trespass to recover damages for personal injuries.  Before McCLUNG, J.

The facts appear by the opinion of the Supreme Court.

The court refused binding instructions for defendant. [4]

Verdict and judgment for plaintiff for $5,500.  Defendant appealed.

*Error assigned* among others was (4) in refusing binding instructions for defendant.

*J. M. Swearingen* and *W. H. S. Thompson,* for appellant.— A person, either natural or artificial, is not liable for the acts or

negligence of another, unless the relation of master and servant, or principal and agent exist between them : Painter v. Mayor, etc., of Pittsburg, 46 Pa. 213 ; Wray v. Evans, 80 Pa. 102 ; McCullough v. Shoneman, 105 Pa. 169.

*Rody ·P. Marshall*, with him *Thomas M. Marshall*, for appellee, cited : Penna. Co. v. Roy, 102 U. S. 451 ; Thorpe v. New York Central, etc., R. R. Co., 76 N. Y. 402.

OPINION BY MR. JUSTICE BROWN, January 5, 1903 :

It does not seem to be disputed that the appellee was injured through the negligence of some one, but the appellant says he is not the person who was guilty of it. He insists that, under the undisputed facts in the case, the suit ought not to have been brought against him but against McDonald, Fogle & Company, a corporation chartered by the state of West Virginia, in whose actual employ the plaintiff was at the time of the accident. On November 22, 1897, a contract was awarded by the United States government to C. I. McDonald, the appellant, which included the building of a lock and dam on the Monongahela river at Morgantown, West Virginia. There was a clause in it prohibiting its assignment, but, on January 18, 1898, McDonald assigned it to the corporation named. The court below properly held that the plaintiff in this suit could not raise the question of his right to make the assignment, and that McDonald owned the larger portion of the stock of the corporation was not material.

Patton, the plaintiff below, testified that he saw by the papers that the contract had been awarded by the government to McDonald, and, in February following, called to see him ; that in the latter part of June, 1898, he called upon McDonald at his office, in pursuance of a postal card received from him in reply to a note he had written him ; and that after calling upon McDonald he " hired with him " as carpenter foreman in the construction of the lo k and dam on the Monongahela river. When Patton called to see McDonald in February, the contract had already been assigned to McDonald, Fogle & Company, and, when he contracted to serve as carpenter foreman, the work was being prosecuted by the corporation. Nowhere in his testimony does the plaintiff state that McDonald told him

he was employing him individually and as contractor, and nowhere does it appear that anything was said or done by McDonald for the purpose of deceiving Patton as to who was or would be his real employer. Patton did testify, it is true, that, when he went to work, McDonald was almost daily in charge of it, that he never knew any other employer and that McDonald gave him most of his instructions. He further stated that he did not know at the time he was working that the corporation, McDonald, Fogle & Company, was doing the work, and had not noticed a sign on the office door and stamps on the tools, which indicated, or ought to have indicated, to him that the corporation was doing the work. His contention is that, because he was hired by McDonald and was under the honest belief that he was working for him at the time he was injured, he ought to recover from him, even if the corporation was his real employer and its negligence caused his injuries ; and the court instructed the jury that, if he did honestly believe that McDonald was the contractor, without any knowlege that the company was doing the work, McDonald would be liable for the consequences of the negligence complained of. Under this instruction the plaintiff has recovered judgment against one who was not his real employer, and who clearly was not the employer of the man for whose negligence he is asked to respond under the rule, respondeat superior. The claim of the appellee is not for damages resulting from the breach of a contract entered into with him by the appellant, but is for injuries resulting from the negligence of one alleged to have been employed by the appellant. Keeping this in mind, with the testimony on both sides before us, the error into which the learned trial judge fell is manifest. The real question to be determined is, not who hired Patton, but who injured him—who was the master of the negligent servant ?

All that can be gathered from the testimony of the appellee and other employees of McDonald, Fogle & Company called by him is, that they had been hired in the first instance by McDonald and directed by him to go to work, without a word or representation of any kind by him that he was the contractor and that they were to work for him. The assumption of the plaintiff is, that, because he saw in a newspaper an announcement that the contract had been awarded to McDonald and he had " hired

with him," he ought to be allowed to recover from him as the real contractor, though the contract had been assigned to the corporation nearly six months before he went to work, and the corporation had at once commenced the prosecution of the work and was engaged in it when he was injured by the falling of the boom of a derrick in charge of one of its employees. Eliminating the statement of the plaintiff that he had seen in the papers, sometime prior to February, 1898, that the contract had been awarded to McDonald, there is nothing else in the case, in the face of the undisputed facts, upon which he can pretend to support his charge of negligence against the appellant as the one who ought to be regarded as the real contractor. In all other respects the case, as presented, is the ordinary one of an agent or representative of a company employing a man to work for it without subjecting himself to liability for its negligence, even if he was present when the work was being done and took part in its direction as a representative of the company; and, but for what the plaintiff saw in the newspaper, it is hardly conceivable he would have brought this suit. That the newspaper announcement of the award of the contract, in the first instance, to McDonald cannot be regarded as anything said or done by him to mislead Patton when he was employed, does not deserve discussion. It does not even appear that McDonald saw the announcement. At any rate, when he hired Patton, he neither said nor did anything to indicate that the corporation, McDonald, Fogle & Company, was not the contractor engaged in the prosecution of the work called for in the contract. If McDonald had practiced actual deception upon the appellee by inducing him to believe by what he said and did that he was the real employer, he might be estopped from denying his liability, but, under the facts in the case, that is not the question before us.

Some of the employees of McDonald, Fogle & Company, called by the appellee, testified that they were employed by Mr. McDonald personally, and yet, on the cross-examination of some of them, it was clearly developed that they ought to have known their real employer was McDonald, Fogle & Company. G. M. Cryster, one of them, was confronted with the following order for his transportation, which he says he did not read, when he was sent to Morgantown to go to work:

" An Order for Transportation.

" McDonald, Fogle & Company,
    " Incorporated,
        " Contractors.

" MORGANTOWN, W. VA. , Sept. 10, 1898.
" PITTSBURG & MORGANTOWN PACK. CO :

" Dear Sirs : Please carry the bearer, M. G. Cryster from Pittsburg to Morgantown at our rate of $1.00.

" Yours respectfully,
                " McDONALD, FOGLE & CO."

Christian Winterburg, another witness, was paid by a check of McDonald, Fogle & Company, drawn against its account in the Bank of the Monongahela Valley, for $38.97. Still another, Robert Ross, was paid by the corporation by its check drawn on the same bank.

Turning to the evidence submitted by the defendant, we find the uncontradicted facts to be, that, by formal action of the board of directors of McDonald, Fogle & Company, the company had taken a transfer of the contract from McDonald several months before he saw Patton ; that it at once commenced the work of constructing the lock and dam ; that machinery and materials were shipped to it in its corporate name ; that all bills for consignments to it were paid by the checks of the company, drawn against its account in the Bank of the Monongahela Valley ; that, from time to time, it gave its employees, in its corporate name, orders on J. C. Pickenpaugh, which were accepted by them ; that kegs of nails which were used by the appellee had been consigned to and marked " McDonald, Fogle & Company ;" that the company had an office on the ground, on which there was a sign " McDonald, Fogle & Company," giving the office hours ; that its tools were all marked " McD. F. & Co.," and that its secretary paid the men, including the appellee. The learned trial judge charged the jury that McDonald " could not escape responsibility by secretly, as between him and this man, having this company do the work instead of him, if he was the real employer and the other party worked without a knowledge that the company was doing the work ;" and that, if McDonald, as an individual, hired the plaintiff, and, as an individual, put him to work, and the plain-

tiff believed that he was working for him under the honest belief that McDonald was doing the work, without any knowledge that the corporation was really doing it, the plaintiff was entitled to recover. But there was no secrecy on the part of the company in doing this work, and any honest belief on the part of Patton that he was working for McDonald, and not for the company, must have been the result of something that McDonald said or did, which, as already stated, nowhere appears. He does not, as the learned judge inadvertently states in his charge, testify that he was employed by McDonald " as an individual, and not as an agent of this company." He simply states that he was employed or hired by McDonald, without anything more.

There is no allegation or proof that C. I. McDonald was present when the accident occurred, or that he was personally superintending the work at the time. The averment, on the contrary, is that one Fogle, the superintendent for McDonald, was guilty of the negligence complained of; and this is the material allegation to be proved, if, under the rule, respondeat superior, McDonald, as the master, is to be liable for the negligence of Fogle, alleged to have been his servant. Proof cannot be found in the testimony supporting this material allegation of the plaintiff. Even if McDonald, as an individual, did hire Patton, and the latter's contention on this point could be sustained, he did not hire him to be protected against the negligence of the employee of another; and yet such is the appellee's case under the testimony before us. Fogle was not McDonald's employee; he was, beyond dispute, the employee of McDonald, Fogle & Company. He could have but one superior to answer for his dereliction of duty. That superior was not McDonald; it was the corporation that had employed him, for which he was working at the time the accident occurred and to which alone Patton can say "respondeat," if he was negligent. "A person, either natural or artificial, is not liable for the acts or negligence of another, unless the relation of master and servant or principal and agent exists between them:" Painter v. Mayor, etc., of Pittsburg, 46 Pa. 213. "The immediate employer of the agent or servant, who causes the injury, is alone responsible for such injury; to him alone the rule of respondeat superior applies, and there cannot be two superiors severally responsible:" Wray v. Evans, 80

Pa. 102. There can be no recovery against one charged with negligence upon the principle of respondeat superior, unless it be made to appear that the relation of master and servant in fact existed, whereby the negligent act of the servant was legally imputable to the master: McCullough v. Shoneman, 105 Pa. 169.

The learned judge, in his opinion refusing a new trial, cites Goodwin v. Smith, 66 S. W. Repr. 179; but there is nothing in it to sustain him. There, a partnership had employed a man to work for it, and he had been working for it sometime before May 15, 1900, the day he was injured. On that day, the members of the partnership merged the firm, with its assets and liabilities, into a corporation, to continue the business with the same relative positions of the partners. The corporation was not entitled, under its charter, to begin business until the very day the plaintiff was injured. There was no apparent change of ownership and nothing to show that the partnership had ceased to exist and that the corporation had succeeded to it at the time of the accident. That the case so relied upon by the learned trial judge has no application to the present one is clear from the following extract from the opinion of the court: "According to the proof, the most that can be said in favor of the corporate proposition is that the partners had determined to merge the firm, with its assets and liabilities and the partners' holdings, into a corporation, with the same relative positions among themselves. But it is not pretended that any knowledge or information of this change was actually given to appellee or to other employees. Under the proof the court would not be authorized to say as a matter of law that appellee was employed by a corporation of whose existence he had not learned. There was no contract of employment entered into on May 15, 1900. The old contract simply continued, and appellee went to work as usual. He had been engaged by the partnership, and had neither been discharged nor re-employed." If in the case now before us, McDonald, as the actual contractor, while prosecuting the work, had employed Patton, and subsequently, without the knowledge of the latter, had assigned the contract to the corporation, the case relied upon might have some application. In Thorpe v. New York Central & Hudson River R. R. Co., 76 N. Y. 402, and Pennsylvania Co.

v. Roy, 102 U. S. 451, the liability of the railroad company to the passengers injured in drawing room cars was based solely upon the ground that, as the company had contracted to use these cars as part of their trains, the employees of such cars were their employees when the question of safe transportation was involved. No authority brought to our attention sustains the position taken by the court below and none can be found to do so.

Further discussion could not make it plainer that the employment here was what we have already styled it—an ordinary, everyday transaction, in which a representative of a company, having an interest therein, hires and sends into its service men seeking employment; and, no matter how the terms of the contract entered into may be enforced against the person doing the hiring, his liability does not extend to the negligence of the person or company for whom he employs the workmen. In the absence of deception or actual misrepresentation, liability for negligence can be enforced only against the person actually guilty of it. Binding instructions should have been given to the jury to render a verdict in favor of the defendant. The fourth assignment of error is sustained, the judgment is reversed and is now entered for the defendant.