# Smith *v.* York Railways Company, Appellant.

*Negligence—Master and servant—Employment—Change of employment—Safe place to work—Excavations—Sewers.*

1. In an action to recover damages for personal injuries alleged to have been received by an employee of a street railway company, the defendant cannot be heard to say that plaintiff was not in its employ at the time he was injured and that his injuries resulted from the negligence of another, where it appears that up to within a few days of the time of the accident, and for several years prior, the plaintiff was employed by the defendant railway company as a laborer on its tracks; that the chief engineer of the defendant company, who was also vice president of an electric light company, directed the plaintiff's boss to send him and another laborer to work at a pit which was being dug by the light company; that the two employees were directed by their

foreman to go to work at that place and they did so, without any indication whatever that they were not to continue to be the employees of defendant company or that the work being done was not being done by it; that the plaintiff while working at the pit, reported to the defendant's foreman who kept his time and furnished him his transportation over the lines of the company and the tools with which he worked; that he received his wages from the defendant company through the time he worked at the pit in the same manner as previously; that the chief engineer of the defendant company supervised the work; and that after the plaintiff had worked in the pit about eleven days, it caved in and caused plaintiff's injuries.

2. In employing servants to work in excavations such as sewers, trenches, pits and cellars, the duty is upon the master to see to it that his servants have a reasonably safe place to do the work to which he assigns them. To prevent the caving in of the walls of a pit when such caving is likely to happen by reason of the depth of the pit, it is the duty of the employer to brace up and shore its sides.

Argued May 15, 1912. Appeal, No. 185, Jan. T., 1912, by defendant, from judgment of C. P. York Co., Jan. T., 1911, No. 30, on verdict for plaintiff in case of Edward Smith v. York Railways Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass for personal injuries. Before BITTINGER, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $1,870.83. Defendant appealed.

*Error assigned,* among others, was in refusing binding instructions for defendant.

*Richard E. Cochran,* with him *George S. Schmidt* and *John A. Hoober,* for appellant.—If there was any negligence whatsoever which caused or contributed to the injury of the plaintiff, it was not the negligence of the defendant: Patton v. McDonald, 204 Pa. 517. The

work in which plaintiff was engaged was not of a character to require instructions: Cunningham v. Fort Pitt Bridge Works, 197 Pa. 625; Sandt v. North Wales Foundry Company, 214 Pa. 215; Durst v. Carnegie Steel Company, 173 Pa. 162.

*John L. Rouse,* for appellee.—The defendant company is chargeable with negligence when through its foreman it ordered Smith from his usual occupation to a different and manifestly more dangerous one without any instructions how to protect himself, and the defendant's engineer having practical charge of the work, failed in his duty in not seeing that the proper safeguards were furnished: McNeil v. Crucible Steel Co., 207 Pa. 493; Elkins v. Penna R. R., 171 Pa. 121; Wagner v. Jayne Chemical Co., 29 W. N. C. 490; Durst v. Carnegie Steel Co., 173 Pa. 162.

OPINION BY MR. JUSTICE BROWN, July 2, 1912:

A recital of undisputed facts will suffice to show that the appellant cannot be heard to say that the appellee was not its employee at the time he was injured, and that, if his injuries resulted from negligence, it is chargeable to another. During 1910, and for several years prior thereto, Edward Smith, the appellee, was employed by the York Railways Company as a laborer upon its tracks. In the early part of September, 1910, the Edison Electric Light Company was digging a pit for the foundation of a smoke stack. This work was being done by one John Stover, a cellar digger. Lewis C. Mayer, the vice-president of the light company, complained to Stover of the slow progress he was making in the work, and, upon Stover's saying that he did not have enough help, Mayer, who was also the chief engineer of the York Railways Company, agreed to furnish him two more men. In pursuance of this agreement, Mayer immediately instructed a section boss of the York Railways Company, under whom the ap-

pellee was working, to send him and another laborer to
work at the pit which was being dug by the light com-
pany.   On September 10 these two employees were di-
rected by their foreman to go to work at that place,
and they did so, but without any indication whatever
from the foreman, or from any one else, that at that
point they were not to continue to be the employees of
the York Railways Company, or that the work being
done there was not being done for it.   On the contrary,
the uncontradicted testimony is that the appellee, while
working at the pit, reported once a day to Ness, the de-
fendant's foreman, who had directed him to go to work
there; that Ness kept his time and furnished him daily
with transportation over the company's lines from his
home to his work and return; that the tools with which
he worked at the pit were furnished to him by the ap-
pellant; that he received his wages from the appellant
during the period he worked at the pit, in the same man-
ner as when he worked on the tracks, and Mayer, chief
engineer of the appellant, supervised the work which
was being done.   The appellee may have been lent by his
employer to an independent contractor, as the learned
counsel for appellant contends, but he was in utter
ignorance of the loan, and the only employer whom
he continued to know was the company which had as-
signed him to duty at the pit, without even an intima-
tion from it to him that he was to work there for an-
other.   Nothing in Patton v. McDonald, 204 Pa. 517, or
in Walters v. American Bridge Co., 234 Pa. 7, sustains
the appellant's contention that, if the appellee had a
cause of action for his injuries, it was against the elec-
tric light company.   The relation of employer and em-
ployee admittedly existed between the appellant and
the appellee when it set him to work at the pit, and it
neither said nor did anything to him at any time to
indicate to him that, while he was working there, he
would not be doing so as its employee.   It continued,
as a matter of law, to be his employer up to the time

he was injured, no matter what secret arrangement it may have had with the electric light company.

After the appellee had worked at the pit for about eleven days it was dug to a depth of about nineteen feet, and, when of that depth, one side of it caved in. The appellee was caught in the falling mass and injured, and, if the caving in was due to negligence, it was, as to him, the negligence of the appellant, his employer. The negligence of which he complains is that the appellant, in putting him to work in the pit, failed to make the place reasonably safe for him as a workman in it. The specific charge in the statement is that the appellant "neglected and refused to properly brace and shore the sides of said hole or pit in order to prevent the caving in or falling of the sides thereof." In employing servants to work in excavations such as sewers, trenches, pits and cellars, the duty is upon the master, as it is in all cases of employment, to see to it that his servants have a reasonably safe place to do the work to which he assigns them; and, to prevent the caving in of the walls of a pit, when such caving in is likely to happen by reason of the depth of the pit, it is the duty of the employer to brace and shore up its sides. The appellee did not, on the trial, rely upon this rule alone, but produced affirmative testimony that the custom in the neighborhood was that, in making excavations, the sides of an excavation were shored or braced up when they exceeded the height of the diggers. In the present case the depth of the pit, at the time its side caved in, was nineteen feet, or more than three times the ordinary height of a man.

The question of the defendant's negligence could not have been taken from the jury, and, as the same is true of the alleged contributory negligence of the plaintiff, the defendant's first point was properly refused. Nor could defendant's second point have been affirmed, for its averment of his assumption of risk in helping to

excavate the pit assumes his knowledge of such risk; but the jury could fairly have found that he did not have such knowledge. The work was new to him, and it does not appear from the testimony that, after he had been assigned to it, any one in the employ of the defendant company, or in charge of the digging, informed him of any danger connected with it.

No error was committed in the ruling of the learned trial judge on the offers of evidence which are the subjects of the first, second, third, fourth, fifth and sixth assignments. Nor is any error to be found in the portions of the charge set forth in the seventh, eighth, ninth, tenth and eleventh assignments. The judgment is, therefore, affirmed.