# Brown *v.* Kittanning Clay Products Company, Appellant.

*Negligence—Master and servant—Death of workman — Parties defendant—Corporations—Identity of master—Evidence—Hearsay —Declaration of agent—Charge of court.*

1. In an action to recover damages for the death of plaintiff's husband, where it appeared that deceased was in the employ of a

clay products company and that he was killed while at work, by the fall of a derrick constructed for the purpose of cleaning out a gas well owned by and located upon the property of an oil company, that the two companies had certain officers in common and that the oil company furnished natural gas used by the products company in the operation of its plant, it was reversible error for the court to charge that the defendant would be liable if the jury found that the two corporations were in fact one and the same, where there was no evidence to support the charge.

2. Hearsay evidence of a declaration on admission by an agent made after the accident is inadmissible.

3. Where it appeared that the superintendent of a defendant corporation was dead at the time of trial, it was not proper to permit witnesses to testify as to declarations made to them by such superintendent after the accident, to the effect that he did not want plaintiff's husband to go to a well, but he finally let him go and that in the end he had plainly told deceased to go to the well.

4. Had there been express testimony by some one who had actually heard the order alleged to have been given by the superintendent to the deceased to report at the well, and had the defendant denied the giving of such order, the alleged declaration might have been admitted in rebuttal.

5. Where it appeared that, on the day of the accident, defendant's superintendent, with the knowledge and consent of defendant, permitted deceased and other workmen under his control to work about the wells of the oil company, it was for the jury to determine whether, in view of the close relations existing between the two companies, the deceased was working for the products company at the time of the injury, or whether, as contended by defendant, he was working for the oil company, or whether he was a mere volunteer.

*Supreme Court, Practice—Assignments of error—Admission of evidence—Inadequate objection.*

6. Where evidence is objected to on inadequate grounds and admitted, the Supreme Court cannot reverse on adequate grounds urged on appeal but not suggested below.

Argued Sept. 27, 1917. Appeal, No. 2, Oct. T., 1917, by defendant, from judgment of C. P. Armstrong Co., Dec. T., 1914, No. 116, on verdict for plaintiff, in case of Annie E. Brown v. Kittanning Clay Products Company. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Reversed.

Trespass to recover damages for the death of plaintiff's husband.   Before KING, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,000 and judgment thereon. Defendant appealed.

*Errors assigned* were instructions to the jury.

*Francis R. Harbison,* with him *Charles F. Patterson,* for appellant.

*C. E. Harrington,* with him *H. A. Heilman,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 7, 1918:

On December 13, 1913, William Brown was killed by the falling of a derrick, constructed for the purpose of cleaning out a gas well; his widow sued to recover damages, alleging that her husband's death was due to the negligence of his employer, the Kittanning Clay Products Company, a corporation; judgment was entered on a verdict in her favor, and the defendant has appealed.

In course of the presentation of plaintiff's case, it appeared that the well in question belonged to and was located upon the property of another corporation, named the Foster Oil and Gas Company, and the trial judge charged that defendant would be liable if the jury should find that the Kittanning Clay Products Company and the Foster Oil and Gas Company were, "in effect, one and the same"; this instruction is assigned as error.   While, in certain instances, the same men held similar offices in each of these corporations, and the oil company furnished some of the natural gas used by the products company in the operation of the latter's plant, yet there is no sufficient evidence upon the record to justify a finding that they were, in any sense, "one and the same" company; for this reason, since, under the instruction-

complained of, the jury may have based their verdict on such a finding, the fourth assignment, which calls attention to this part of the charge, will have to be sustained.

Testimony was admitted on behalf of the plaintiff, under objection and exception, that Frank Foster, the superintendent of defendant company, who was dead at the time of the trial, had told one of plaintiff's witnesses, three days after the accident, that he, Foster, "didn't want Mr. Brown [plaintiff's husband] to go to that well," but that he "finally let Brown go" there; and, in the end, the witness said plainly Foster had declared to him that he had "told Brown to go to the well." It is contended by defendant that the admission of this testimony was clear reversible error, and that, whether or not this be true, the evidence is insufficient to support the verdict. On the other hand, plaintiff contends that, since at the trial defendant's objection was stated upon the narrow and inadequate ground that Frank Foster was dead, it is too late now to insist upon broader reasons for its exclusion; and, being in, the evidence was proper for consideration by the jury.

The testimony under consideration was, at the most, but hearsay evidence of a declaration or admission by an agent, made after the accident; therefore, it was inadmissible: Scheel v. Shaw, 252 Pa. 451, 461; Monongahela Water Co. v. Stewartson et ux., 96 Pa. 436, 439; Bigley v. Williams, 80 Pa. 107, 116; Fawcett v. Bigley, 59 Pa. 411, 413; Giberson v. Patterson Mills Co., 174 Pa. 369, 372. Of course, had there been express testimony by some one who had actually heard the order alleged to have been given by Foster to Brown, to report at the oil well, and had the giving of such order been denied by defendant, then the alleged declaration of Foster might properly have been admitted in rebuttal; but no such record is before us. While, under the limited objection entered by counsel for defendant, we cannot convict the trial judge of error in admitting this hearsay evidence, yet, on a retrial of the case, if the testimony in

question be again offered, in the same way and under similar circumstances, a proper objection thereto should prevail.

Perhaps, if the hearsay and incompetent testimony we have been discussing were the only evidence upon the issue as to whether or not Brown was put to work on the well by defendant's superintendent, that being a controlling point in the case, the proofs might be held insufficient to support the verdict for plaintiff (Reeve v. Leibrandt Plumbing Co., 168 Ill. App. 541; Equitable Mortgage Co. v. Watson, 119 Ga. 280, 283, 287; Eastlick v. Southern Ry. Co., 116 Ga. 48, 49; Dwyer v. Dwyer, 26 Missouri App. 647, 652; but, in this connection, see also Luckett v. Reighard, 248 Pa. 24, 28), and defendant would be entitled to judgment n. o. v. There was other competent testimony, however, to the effect that, on the day of the accident, Mr. Foster, who had full charge of defendant's workmen, accompanied Mr. Brown to the place of the accident, where the latter helped in the work around the derrick; that employees of the products company, for some time prior thereto, had been in the habit of rendering assistance in connection with the wells of the oil company; and that this was done with the knowledge and consent of their employer, the defendant. Under these circumstances, considering the close relations existing between the two companies, had there been no other evidence in plaintiff's case than that of the facts just referred to, and had the objectionable testimony concerning the alleged declaration of Foster been excluded, still it would have been for the jury to determine whether or not, at the time of his injury, Brown was, in fact, acting for his original employer, the products company. If Brown was not a mere volunteer, as contended by appellant, and was unaware of any actual change of employers, in other words, if the jury should find that, as between him and the products company, he was acting for the latter, then, albeit the well belonged to the oil company, the present defendant would be liable:

Smith v. York Rys. Co., 237 Pa. 280, 283. Therefore, the learned court below did not err in refusing to enter judgment notwithstanding the verdict.

The fourth assignment, covering the matter first passed upon in this opinion, is sustained, and the judgment is reversed with a venire facias de novo.