## Orluske, Appellant, *v.* Nash Pittsburgh Motors Co.

*Negligence—Automobiles—Master and servant—Course of employment—Injury by driver—Declarations—Res gestæ — Dealer's license tag—Presumption.*

1. In an action against the owner of an automobile to recover damages for injuries caused by defendant's driver, the plaintiff must show that the relation of master and servant existed between defendant and the driver at the time of the accident, that the servant was engaged in his master's business, and was acting within the scope of his employment at the time.

2. Where the driver charged with the negligence was an employee of an automobile sales company and it is shown that he had no right to take out the car except for demonstrations and then only with the consent of the employer, and that he had no such permission when he took out the car, declarations made by the driver to a witness four days after the accident that he had driven

to the house of the witness to induce her to purchase a car, are inadmissible as too remote and not part of the res gestæ.

3. Not decided whether the mere use of a dealer's license tag on an automobile raises a presumption that the car was used in the dealer's business.

Argued March 16, 1926. Appeal, No. 38, March T., 1926, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1924, No. 3203, for defendant n. o. v., in case of Edward Orluske v. Nash Pittsburgh Motors Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before SWEARINGEN, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $4,759.70. Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was judgment for defendant n. o. v., quoting record.

*Wilbur F. Galbraith,* of *Cunningham, Galbraith & Dickson,* with him *Dan T. R. Dickson,* for appellant.— The case was for the jury: Haring v. Connell, 244 Pa. 439; Herrington v. Hill, 60 Pa. Superior Ct. 202; Theil v. Wolfe, 77 Pa. Superior Ct. 312; Stroman v. Motors Corp., 82 Pa. Superior Ct. 129; Sieber v. Russ Bros., 276 Pa. 340; Gojkovic v. Wageley, 278 Pa. 488; Reed v. Bennett, 281 Pa. 332; Jones v. Quaker City Cab Co., 84 Pa. Superior Ct. 80; Holzheimer v. Lit Bros., 262 Pa. 150.

If declarations are made by an agent while carrying out his employment, which declarations are against the interest of the principal, then such are admissible in evidence primarily under the law of principal and agent and not a matter of the law of evidence at all: Bradley v. Tel. & Tel. Co., 54 Pa. Superior Ct. 388; Treon v.

Shipman, 275 Pa. 246; Marcus v. Gimbel Bros., 231 Pa. 200.

*Drayton Heard,* with him *Sterrett & Acheson,* for appellee.—The burden was always on plaintiff to prove that the automobile, which collided with him, was operated, at the time, by defendant's servant, acting within the scope of his employment and about its business: Farbo v. Caskey, 272 Pa. 573; Seiber v. Russ Ice Cream Co., 276 Pa. 340.

The declarations of the driver were not admissible: McGrath v. Sugar Co., 282 Pa. 265; Brown v. Clay Products Co., 259 Pa. 267; Scheel v. Shaw, 252 Pa. 451; Burns v. Flaherty Co., 278 Pa. 579.

OPINION BY MR. JUSTICE FRAZER, April 12, 1926:

Plaintiff sued to recover damages for personal injuries, resulting from being struck by an automobile owned by defendant company, and operated by Charles Vetter, its employe as a used-car salesman, about eleven o'clock on the evening of September 26, 1923, while driving on a public highway near the village of Glenshaw, Allegheny County. The jury having found for plaintiff, judgment was subsequently entered for defendant non obstante veredicto for the reason the evidence failed to show Vetter was engaged in the business of his employer at the time of the accident.

That defendant company was the owner of the car is not denied, nor is it disputed that Vetter was its employee, and that the car was operated at the time of the accident under the dealer's license plates belonging to defendant. The sole question in dispute was whether the use of the car was for the purpose of Vetter's employment. Plaintiff contends, first, the dealer's license plates on the car raises a presumption it was being used on defendant's business, and, second, sufficient evidence appeared to warrant a finding the car was so operated at the time the accident happened.

We deem unnecessary a discussion of the question whether, under the Act of June 14, 1923, P. L. 718, in force at the time, the mere use of a dealer's license tag raised a presumption that the car was used in the latter's business, inasmuch as the undisputed evidence shows the automobile was in fact used by Vetter without authority, and not pursuant to duties connected with his employment. Plaintiff called one of defendant's officers on cross-examination, and from his testimony it appeared Vetter was authorized to take out cars for demonstration purposes, only by permission of the head of his department. Except for testimony subsequently stricken out, and which will be referred to later, this was the only evidence bearing on that point produced by plaintiff. Defendant, on its part, proved that Vetter did not receive permission or authority to take the car out on the night of the accident. The record contains no evidence to contradict the above, unless it is a declaration made by Vetter, four days after the accident, which was admitted under objection and subsequently stricken out by the court below. Defendant also produced a witness who testified she was in the car driven by Vetter at the time the accident happened, and that she had been invited by him that evening to go for a drive.

Plaintiff's contention is that Vetter had, on the evening of the accident, taken the car out for the purpose of calling on a prospective purchaser. Vetter was not a witness in the case and to sustain this contention plaintiff offered the deposition of a woman claimed to have been a prospective purchaser, in which she stated that, four days after plaintiff was injured, Vetter called at her home and informed her he had driven out to her house, located several miles in the country, on the evening of the accident, for the purpose of inducing her to purchase a car, and found upon arriving at her home the family had retired for the night, and that "it would have been just as well he hadn't come for he had struck

a man." This evidence was objected to because the declarations of the agent, four days after the accident, were not admissible against the principal. The objection was overruled, the evidence received and a verdict rendered for plaintiff. Subsequently on argument before the court in banc of a rule for judgment n. o. v. the motion was sustained, the deposition stricken out and judgment entered for defendant; the elimination of this evidence left the case entirely destitute of proof tending to show Vetter was, at the time plaintiff received his injury, engaged in the business of his employment.

In Oil City Fuel Co. v. Boundy, 122 Pa. 449, 460, we said and repeated in McGrath v. Penna. Sugar Co., 282 Pa. 265, 274, "In order to warrant the proof of admissions by an agent, one or more of the following facts must exist: It must appear that the agent was specially authorized to make them; or his powers must have been such to constitute him the general representative of the principal, having the management of the entire business; or the admissions must have formed part of the consideration of a contract; or, if they are noncontractual, they must have been part of the res gestæ." Under the above rule, Vetter's declarations contained in the deposition fall within the last named class, and should not have been received against his employer, inasmuch as not made at the time the act occurred, within the res gestæ rule; or unless ratified by the principal (Scheel v. Shaw, 252 Pa. 451, 461) and in this case no claim is made that Vetter's acts were ratified by defendant; at most the statement contained in the deposition was merely hearsay-evidence of a declaration by an agent made four days subsequent to the accident, consequently clearly inadmissible and therefore properly stricken out: Brown v. Kittanning Clay Pot Co., 259 Pa. 267, 270. This rule has been applied to declarations as to the ownership and use of a car by an agent: Scheel v. Shaw, 252 Pa. 451, 460, and cases cited.

Further, in Luckett v. Reighard, 248 Pa. 24, 31, we said to entitle plaintiff to recover "He must show that the relation of master and servant existed between the defendant and the person in charge of the car at the time of the accident, that the servant was engaged in his master's business and was acting within the scope of his employment at the time the tortious act was committed resulting in the injury to the plaintiff. The servant must not only be engaged in and about his master's business, but must be acting within the scope of his employment in operating the machine, to impose liability upon the master. The test of liability is whether the servant at the time of plaintiff's injury was acting within the scope of his authority in furtherance of his master's business." The testimony utterly fails to establish this requirement.

The judgment is affirmed.