Winwood, Appellant, *v.* Baltimore Life Insurance Company et al.

576

Argued April 25, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Samuel Goldstock,* for appellant.

*James J. Burns, Jr.,* for appellee.

Opinion by Trexler, P. J., October 3, 1934:

This is a claim for workmen's compensation presented by Lilly Winwood, widow of William M. Winwood, who met with an accident which caused his death, to recover compensation for herself and children. The sole question is whether he was at the time he was killed an employe of the defendant company, the Baltimore Life Insurance Company. The referee awarded compensation, the board affirmed his action and an appeal to the Common Pleas of Allegheny County followed, which reversed the award of the compensation board and entered judgment in favor of the defendant.

Winwood, the decedent was, or had been, in the employ of the Colonial Life Insurance Company. He applied on March 24, 1931 to Mr. Mareacher, assistant superintendent of the Baltimore Life Insurance Company at the Braddock office for a position as salesman. Mareacher, who was called on behalf of the claimant, testified that Winwood was advised that before he could be employed he would have to see Mr. Johnson, superintendent at Pittsburgh, Braddock being within his area of supervision, and must have Mr. Johnson's O. K. before he could be employed. He was, however, given a rate book by Mr. Mareacher, this being given at his request in order that he might compare the rates of the company for which he was contemplating becoming an agent with those of the company for which he had been working. Two days later Mr. Winwood again called to see Mr. Mareacher and having informed him that he had not seen Mr. Johnson, was again told he could not be employed until he did, that, he, Mr. Mareacher had no authority to hire him, and could not put any one to work until Mr. Johnson had so ordered. Mr. Mareacher testified that he had no authority to appoint agents. On the same day Mr. Winwood was killed by a street car.

The plaintiff relies on the following facts to sustain her claim:

At the time of the accident there was found a portfolio presumably having been in the possession of Winwood bearing the name of the Colonial Life Insurance Company imprinted on it, and having in it such printed matter of the Baltimore Life Insurance Company as is customarily used by agents when soliciting business. When the body of Winwood was at the undertaker's, Mareacher called and stated that the deceased was in the employ of the Baltimore Life Insurance Company, and on another occasion made the same statement. In the morning of the day of his death deceased had called upon a woman and had received from her an application for insurance on her little girl. At 5:30 P. M. of the same day a witness saw Winwood turning in at a certain residence for what purpose does not appear. Winwood usually returned to his home at seven o'clock in the evening and at the time he was killed he was walking toward a street car stop where a car could have been boarded which would have taken him to the Braddock office of the company and ultimately to his home.

The appellant argues that all these circumstances bear out the conclusion that Winwood was furthering the company's business when he was killed. Perhaps he was, but that alone will not suffice. It must appear that he was actually in the employ of the company and furthering his *master's* business. The relation of employer and employe must appear. Until Winwood was actually employed anything he did on behalf of the company was the act of a mere volunteer, and unless his actions were subsequently ratified by the company, or the result of his labors accepted by it, he cannot be considered as being in its employ. The declarations of Mareacher to the effect that the dead man had been in the employ of the com-

pany do not prove that fact unless it appears that he was authorized to make them, or that he was a general representative of the company having entire management of its business. Orluske v. Nash Pittsburgh Motors Co., 286 Pa. 170, 133 A. 148. If Johnson, who was the general superintendent and had complete control of the agency, had made the statement that the deceased was an employe of the company his statement accompanied by testimony of his authority to hire would have been sufficient to prove that fact, but Mareacher had no authority to appoint agents. The decision who was to be an agent rested entirely with Johnson. The essential element in plaintiff's case is the proof of employment and there is no testimony to substantiate that fact. The burden of proving the agency was on the plaintiff, Rucinski v. Cohn, 297 Pa. 105, 146 A. 445. As stated there is no evidence of any contractural relationship, or any recognition of Winwood's acts.

We are all of opinion that the plaintiff has failed to prove her case and the judgment of the lower court must be affirmed.

Judgment affirmed.