# McDermott *v.* Consolidated Ice Company, Appellant (No. 1).

*Negligence—Master and servant—Violation of instructions by servant—Infant—Parent and child.*

1. Where the act of a servant complained of is done in the performance of the duty he owes to his master or in furtherance of the business of the latter, in legal contemplation he is acting under the direction of the master, and the latter cannot escape liability for the consequences of such act even though the manner of doing it violated the instructions which the servant had received.

2. If a master leave to his servant a discretion as to the manner in which his duty is to be performed, he must be responsible for the manner in which that discretion is exercised. If he undertake to determine for himself the manner in which his servant shall perform his prescribed duties, the obligation is on him to see that such instructions are carried out and that the servant does not substitute his own methods for those of his master.

3. Where the janitor of a building, whose duty it is to collect and burn accumulations of waste paper in the building, is instructed by his employer to burn such paper in the furnace, but in violation of his instructions the janitor burns the paper on a large uninclosed lot frequented by children and at a time when a high wind is blowing, and a child of tender age is seriously burned by her clothing taking fire, the master is liable for the injuries sustained.

4. In such a case neither the janitor nor the child could be regarded as trespassers in making such use as they respectively did of the lot in question. As to each other they were occupying neutral ground, and each owed to the other the general duty of care according to the circumstances.

5. Where a mother permits her seven year old daughter to play with other children on an uninclosed lot, and the child is injured by a fire made on the lot for the purpose of destroying waste paper, the question of the mother's contributory negligence is under all the circumstances, a question for the jury.

6. Where a person lights a fire to burn waste paper on an uninclosed lot on a windy day, when children are playing on the lot, and a child is injured by the fire, the court cannot say as a matter of law that the lighting of the fire under the circumstances was not an act of negligence.

Argued April 20, 1910. Appeal, No. 68, April T., 1910, by defendant, from judgment of C. P. No. 3, Allegheny County, Feb. T., 1906, No. 102, on verdict for plaintiff in case of Catherine McDermott, a minor, by her next friend, W. S. Sullivan and Bridget McDermott, mother of said Catherine McDermott, v. Consolidated Ice Company. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Beaver, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Evans, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for Catherine McDermott for $2,200 and for Bridget for $300. Defendant appealed.

*Errors assigned* were various instructions referred to in the opinion of the Superior Court.

*J. S. Ferguson*, with him *E. G. Ferguson*, for appellant.—
The act was not within the scope of the janitor's employ-
ment: Towanda Coal Col v. Hemean, 86 Pa. 418; Phila.,
G. & N. R. R. Co. v. Wilt, 4 Whart, 143; McKenzie v.
McLeod, 10 Bing. 385; Andrews v. Green, 62 N. H. 436;
Tuller v. Voght, 13 Ill. 278; St. Louis Southwestern R. R.
Co. v. Mayfield, 35 Tex. Civ. App. 82 (79 S. W. Repr.
365).

An owner of land who makes changes on it in the course
of its beneficent use which tend to attract children and to
expose them to danger, is under no duty to take special
precautions for their safety: Thompson v. B. & O. R. R.
Co., 218 Pa. 444; Gillespie v. McGowan, 100 Pa. 144;
Feehan v. Dobson, 10 Pa. Superior Ct. 6; Wilmot v.
McPadden, 19 L. R. A. (N. S.) 1101.

*Rody P. Marshall*, with him *Thos. M. Marshall* and
*O. K. Eaton*, for appellees.—The great weight of authority
is to the effect that a disobedience of the master's orders
by a servant engaged in the prosecution of the master's
business will not relieve the master of liability. There is
no pretense here that Arter was engaged in his own busi-
ness or that he was furthering his own end: Oxford v.
Peter, 28 Ill. 434; Consolidated Ice Machine Co. v.
Keifer, 134 Ill. 481 (25 N. E. Repr. 799); R. R. Co. v.
Randall, 40 Kansas, 421 (19 Pac. Repr. 783); Barmore
v. Ry. Co., 85 Miss. 426 (38 So. Repr. 210); Crandall v.
Boutell, 95 Minn. 114 (103 N. W. Repr. 890); Cosgrove
v. Ogden, 49 N. Y. 255; Riegler v. Tribune Assn., 57
N. Y. Supp. 989; French v. Cresswell, 13 Ore. 418 (11
Pac. Repr. 62); Eichengreen v. R. R. Co., 96 Tenn. 229
(34 S. W. Repr. 219) Gregory v. R. R. Co., 37 W. Va. 606
(16 S. E. Repr. 819); Harriman v. Ry. Co., 45 Ohio, 11;
R. R. Co. v. Derby, 55 U. S. 468; Reinke v. Bentley, 90
Wis. 457 (63 N. W. Repr. 1055); Driscoll v. Carlin, 50
N. J. L. 28 (11 Atl. Repr. 482).

The law in Pennsylvania is well settled upon this sub-
ject. Disobedience of instructions is no defense and the

master cannot thereby relieve himself of liability: McClung v. Dearborne, 134 Pa. 396; Phila., etc., R. R. Co. v. Brennan, 17 W. N. C. 227; Guinney v. Hand, 153 Pa. 404; Ahern v. Melvin, 21 Pa. Superior Ct. 462; Whaley v. Bank, 28 Pa. Superior Ct. 531; Brennan v. Merchant & Co., 205 Pa. 258.

Even if it be conceded, for the purposes of argument only, that the minor plaintiff was a trespasser as against the Pennsylvania Railroad Company that would be no defense to this action: Daltry v. Media Electric Light, etc., Co., 208 Pa. 403; Walsh v. Rys. Co., 221 Pa. 463.

The court could not, as a matter of law say, that the janitor was guilty of no negligence in starting this fire on a windy day when children were around and near it, leaving it unguarded, and without giving them a single warning as to the danger: Kay v. Penna. R. R. Co., 65 Pa. 269; Ross v. Traction Co., 224 Pa. 86.

OPINION BY HEAD, J., November 21, 1910:

This case and that of Bridget McDermott, against the same defendant, post, p. 454, were tried together in the court below and the appeals from the judgments there rendered were argued together in this court on a single paperbook. The questions raised by the appeals are identical, and the opinion in the present case will sufficiently indicate the reasons for the judgment to be entered in both.

The verdict establishes that the injury to the plaintiff was caused by a fire started by the defendant's servant, to burn the waste paper which had accumulated in its office building of which he was janitor. It is conceded that the gathering and burning of such paper was a duty imposed on the servant by the terms of his employment.

There was also uncontroverted evidence, which a jury could scarce be permitted to reject, that the master had given to the servant specific directions as to the manner in which that duty was to be performed. These instructions were to burn such paper in the furnace in the cellar of the building under his charge. In violation of these

instructions, the servant, for some reason or purpose not disclosed by the evidence, carried the papers across the street to a large uninclosed lot owned by a railroad company and there set fire to them and thereupon went away. The lot was but little used by its owner. The testimony tended to show that the children and youth of the neighborhood were accustomed to use it as a playground without objection from the owner.

At the time the fire was started, the plaintiff, a girl of tender years, with some of her companions, was playing on the lot. A stiff wind was blowing and the burning papers were caught up by it and scattered. One of them set fire to the plaintiff's clothing and she was seriously burned.

The defendant contends that because the evidence discloses that the servant violated his master's instructions when he undertook to burn the papers on this lot, the law exempts the master from any liability for such act. The soundness of this position is perhaps the most important question raised by the appeal.

That the master must answer for the act of his servant, done by his order or direction, is a principle so widely recognized that none will gainsay it. But the people generally who deal with such servant, or are affected by his acts, cannot know the nature of the instructions specially given by the master. If it be true that where the master directs his servant to perform all the duties of his employment with diligence and care, he thereby relieves himself from any liability for the failure of the servant to obey such instructions, the general principle already adverted to would have but little force or significance. The law whose life resides in the spirit rather than in the letter of the language in which its principles are expressed, places a broader construction on the obligations of the master. Where the act of the servant complained of is done in the performance of the duty he owes to his master or in furtherance of the business of the latter, in legal contemplation he is acting under the direction of the

master, and the latter cannot escape liability for the consequences of such act even though the manner of doing it violated the instructions which the servant had received.

If therefore it appears that the act from which the injury resulted was one done in execution of the. duty which the master had imposed on his servant, it is no defense for the former to show that the manner of doing the act was without his knowledge or assent or indeed against his positive direction.   And this conclusion seems . to follow from two considerations.  If the master leave to his servant a discretion as to the manner in which his duty is to be performed, he must be responsible for the manner in which that discretion is exercised.  If he undertake to determine for himself the manner in which his servant shall perform his prescribed duties, the obligation is on him to see that such instructions are carried out and that the servant does not substitute his own methods for those of his master.

The distinction we have endeavored to draw seems to be supported by the text-book writers as well as the decisions of courts of last resort in most jurisdictions.   In 1 Thompson on Negligence, 494, the author says: "Such being the nature of the master's liability, it is immaterial that the servant proceeded without orders touching the particular act; and the master will be liable if the act of the servant was within the general scope or sphere of his employment, even where the servant acted contrary to the master's express orders. . . . This must necessarily be so.   Otherwise the master might claim exemption from liability for his servant's negligence in nearly every case.   It would only be necessary to instruct him to proceed with care, and if he did not do so, the master would not be liable, for it would be an act done against his express orders."   The principle is well stated in Cosgrove v. Ogden, 49 N. Y. 255, thus: "The test of the master's responsibility for the act of his servant is not whether such act was done according to the instructions of the

master to the servant, but whether it is done in the prosecution of the business that the servant was employed by the master to do." This is the doctrine of McClung v. Dearborne, 134 Pa. 396, in which Mr. Justice WILLIAMS uses this language: "It will be seen, therefore, that it is the character of the employment, and not the private instructions given by the master to his servant, that must determine the measure of his liability in any given case." The binding authority of that case was recognized by this court and the same principle reiterated in Ahern v. Melvin, 21 Pa. Superior Ct. 462, and Whaley v. Citizens' National Bank, 28 Pa. Superior Ct. 531. It is unnecessary, therefore, to attempt to show by the citation of many cases that this is the rule adopted by our courts of last resort generally.

Applying this principle to the case in hand, we are met at once with the conceded fact that the gathering of the waste papers and the burning of them was the very work which the defendant's servant was employed to do. It was while doing this act, to wit, burning the papers that he had gathered, that he caused the injury complained of. The servant was performing the duty for which he was employed. He was doing it in obedience to the direction of his master and in discharge of the duties imposed on him, and it was only in the manner of the performance of this duty that he failed to obey his master's directions. We are of the opinion, therefore, that the master is not exempted from liability for the consequences of his servant's act on this account.

Neither the plaintiff nor the defendant can be regarded as a trespasser in making such use as they respectively did of the property of the railroad company. The rights of the owner are in nowise involved, and neither of the parties invaded in any respect any right of the other. As to each other they were occupying neutral ground, and each owed to the other the general duty of care according to the circumstances. The tender years of the child removed from the case any question of contributory negli-

gence and no such question is raised. The principle stated is thus declared in Daltry v. Media Electric Light, etc., Co. 208 Pa. 403, where Mr. Justice MESTREZAT said: "Conceding that the owner of the property owed no duty of care to either, the parties themselves, however, occupied the same relative position towards him, but an entirely different position towards each other which required that each should exercise towards the other the care demanded by the circumstances."

Nor are we able to say that the court could have properly declared as a matter of law that the mother, the plaintiff in the other case, was guilty of contributory negligence in permitting her seven year old daughter to play on the lot in question: Johnson v. Reading City Pass. Ry. Co., 160 Pa. 647; Weida v. Hanover Township, 30 Pa. Superior Ct. 424. Whether or not she was negligent under the surrounding circumstances was a question for the jury and was submitted in a charge as to which, in this respect, there is no complaint.

There remains to be considered the answer of the court to the defendant's fourth point for charge (third assignment). The point was as follows: "Fourth: That the lighting of a fire upon an open lot, even though the wind may have been high and even though the plaintiff and other children may have been upon the premises, is not such an act of negligence as would render the defendant liable in this case. Answer: Refused." It is doubtless true that in one aspect of the case the act of the defendant's servant merely in lighting a fire on the lot of the railroad company could not be considered a breach of any duty the defendant or its servant owed to the plaintiff. If it were clear that the effect of affirming the point as it is written would have been but to declare that general proposition, the court might have safely affirmed it. But the court had the right to consider the point in the light of the particular fire which was started and of all the circumstances that existed at that time. If the evidence showed that the day was windy; that the material ignited

was combustible in its character, and so flimsy in structure that it would be easily caught up and carried by the wind whilst in flame; and if, under such conditions, the fire would not have been easily controlled, even had the man who lighted it remained to watch it, we cannot say that the court should have declared, as a matter of law, that the lighting of a fire, under such conditions, did not exhibit want of reasonable care.

Under such circumstances the learned trial court could not fairly be convicted of error because he refused to affirm the point in the language quoted. Besides, the court had already affirmed the defendant's second point which was as follows: "Even if the jury should find that Arter, on the day of the accident, carried to the premises of the railroad company a basket of waste paper and set fire thereto, such facts in themselves would not entitle the plaintiff to recover; before any recovery could be had by reason of such act the jury must find that the injury to the plaintiff was the natural and probable consequence of the act." Moreover, in the general charge the court has thus instructed the jury: "But if you find that Arter did start this fire and that the starting of the fire under the circumstances was negligence on his part, and that the burning of the little girl as she was burned was the reasonable, probable and natural result—a natural result flowing from that negligence—then your verdict should be for the plaintiff." We are unable to see how the defendant could have asked for a more favorable submission of the vital questions in the case than that indicated by the language quoted.

With the questions on which their verdict should depend thus clearly and plainly submitted, we are not convinced that there is any reversible error in the refusal of the court to affirm the defendant's fourth point. The third assignment therefore must be overruled.

Judgment affirmed.