# Solomon, Appellant, *v.* Commonwealth Trust Company of Pittsburgh et al.

*Negligence—Automobiles—"Joy ride" by chauffeur—Liability of master—Binding instructions for defendant.*

1. In order to hold the owner of an automobile liable for the negligence of his chauffeur, it is incumbent upon the plaintiff to show by direct or circumstantial evidence, not only that the driver was the servant of the owner, but that he was on the owner's errand or engaged in his business at the time of the accident.

2. In an action against the owner of an automobile to recover

damages for the death of plaintiff's son occasioned by a collision between defendant's automobile and a wagon on which deceased was riding, binding instructions should have been given for the defendant where it appeared that defendant's chauffeur took the car to a garage for repairs, had the repairs made, and then, in company with an acquaintance left the repair establishment on a pleasure trip in a direction away from the owner's garage, stopping at two or three places for drinks, and later on the trip home collided with the wagon in which decedent was seated.

3. In such case if the chauffeur had started from the repair establishment with the intention of returning the car to the owner's garage, even though he had deviated from the most direct route, the owner would have been liable.

Argued Oct. 10, 1916. Appeal, No. 74, Oct. T., 1916, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1913, No. 2319, for defendant, in case of Louis Solomon v. Commonwealth Trust Company of Pittsburgh and Leander Trautman, Executors of the Estate of Lydia A. Reymer. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's minor son. Before MACFARLANE, J.

The opinion of the Supreme Court states the facts.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned* were instructions to the jury.

*Leonard S. Levin,* for appellant, cited: Moon v. Mathews, 227 Pa. 488; Parker v. Matheson Motor Car Co., 241 Pa. 461; Curran v. Lorch, 243 Pa. 247; Hazzard v. Carstairs, 244 Pa. 122; Witte v. Mitchell-Lewis Motor Co., 244 Pa. 172; Luckett v. Reighard, 248 Pa. 24; Ley v. Henry (No. 1), 50 Pa. Superior Ct. 591; Brunner v. American Telegraph & Telephone Co., 151 Pa. 447; Guinney v. Hand et al., 153 Pa. 404; Brennen v. Merchant & Co., 205 Pa. 258; McDonald v. Ellsworth Col-

lieries Co., 234 Pa. 255; Graham v. Henderson, 254 Pa.
137.

*W. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellee, cited: Blaker v. Philadelphia Electric Co., 60 Pa.
Superior Ct. 56; Scheel v. Shaw, 60 Pa. Superior Ct. 73.

OPINION BY MR. CHIEF JUSTICE BROWN, January 8,
1917:

On March 27, 1913, an automobile owned by Mrs.
Lydia A. Reymer, now deceased, and driven by a chauffeur in her employ, ran into a wagon on which a minor
son of the appellant was riding, and the boy sustained
injuries which resulted in death a few hours later.
That his death was due to the negligence of the chauffeur
was clearly established, but the controlling question in
the case was whether he was acting within the scope of
his employment at the time the accident occurred. The
only evidence for the consideration of the jury on this
question was the testimony of the chauffeur, called as a
witness by the plaintiff, and from it they could not have
avoided finding the following facts, which they did find
in returning a verdict in favor of the appellees, the executors of Mrs. Reymer: She lived in East Pittsburgh,
and, in obedience to instructions from her, Clay, the
chauffeur, on the afternoon of March 27, 1913, took the
automobile to a certain establishment for the purpose
of having repairs made to it; after these were made,
instead of returning the automobile to the garage, as was
his duty, he and a companion, after taking a drink of
brandy at a nearby saloon, started with the car in a direction different from that leading to the garage, and
without any intention of going directly to it; they started for and went to the Allegheny river, to look at its swollen waters, and did so from the Sixth street bridge, which
they crossed, going over to Allegheny; while there they
each took another drink; shortly afterwards they recrossed the bridge, and, having returned to Pittsburgh

and taken a third drink, started for the garage, on the way to which the automobile ran into the wagon.

It is well contended by learned counsel for appellees that the learned trial judge ought to have affirmed their point asking for binding instructions in their favor, in view of what was established by the testimony of the chauffeur, the plaintiff's own witness. Instead of instructing the jury that it had been indisputably proven that the chauffeur was not acting within the scope of his employment when he drove his employer's automobile into the wagon, the learned trial judge submitted that question to the jury, charging them that, if they found he had only deviated from his route in returning from the repair shop to the garage, he was still in her employ, and she was liable for the consequences of his admitted negligence. The jury were further told that their verdict could be for the defendants only if they found that, after the repairs to the automobile had been made, the chauffeur had abandoned his employment by starting off on an expedition of his own, and this was their inevitable finding. After they had retired to deliberate on their verdict they returned and asked the court the following question: "If the jury come to the conclusion that the chauffeur left the errand of the defendant in crossing to Allegheny, would he be resuming the errand of the defendant on his way to the garage?" The answer of the trial judge was that the chauffeur would not be "resuming the errand of the defendant"; and this is the only real error assigned by the appellant. The other assignment complains merely of the refusal of a new trial.

It was incumbent upon the plaintiff to show, by direct or circumstantial evidence, not only that Clay was the servant of Mrs. Reymer, but that he was on an errand for her or engaged in her business at the time he drove the automobile into the wagon: Lotz v. Hanlon, 217 Pa. 339; Curran v. Lorch, 243 Pa. 247; Luckett v. Reighard, 248 Pa. 24; Scheel v. Shaw, 252 Pa. 451. The plaintiff failed to show what he was required to prove, while on

the contrary, it affirmatively and clearly appeared that the chauffeur had started away from the repair establishment on an errand of his own, for his own pleasure. In doing so he became what is commonly called a "joy rider," and, when he started back from his "joy ride," to take the automobile to the garage, he was no more on an errand for his employer than if he had originally taken the car from the garage, without permission or authority from her, and started out on an errand of his own.   He would have continued in his employer's business, and she would have been liable for the consequences of his negligence, if he had started from the repair establishment to which he had been sent, with the intention of returning the automobile to the garage, even if he had deviated from the most direct route to it; but the situation as presented on the trial was totally different, and is thus well summed up in the opinion of the learned court refusing the plaintiff's motion for a new trial: "From the facts in evidence, it was plain that he could have returned from the blacksmith shop to the garage in perhaps less than a half hour and that the trip to the North Side was in an opposite direction from the proper route after he reached Thirty-third street, and the finding of the jury was amply justified.   The journey was entirely for the chauffeur's own pleasure, and we cannot see that he had resumed his duty in this case any more than he could be said to have done so had he taken a 'joy ride' to some neighboring town, and the accident had happened when he was about to enter the garage on his return.   It is not a case of a mere delay in his return, such as was before the court in Blaker v. Philadelphia Electric Co., 60 Pa. Superior Ct. 56, nor is it a case of a mere deviation similar to Luckett v. Reighard, 248 Pa. 24.   He was not combining his employer's business with his own."

Judgment affirmed.