# Hannis *v.* Driver, Appellant.

*Negligence—Automobiles—Master and servant — Owner's business.*

Where the owner of a car permits his chauffeur to use it, and the chauffeur uses it for his own purpose, the relation of master and servant is superseded by a bailment and this relation continues until the car is returned to the place provided by the owner

for its lodgment, or until the chauffeur is again acting under the master's specific direction and control.

The fact that an accident happens while the chauffeur is returning the car to its place of lodgment does not change the status of owner or borrower and a general instruction to return the car cannot be regarded as a specific direction from the master placing the car under his control.

Where the driver of an automobile takes the car on an errand for the owner, his employer, and after he has completed such errand, takes the car under a general permission to use it when not engaged for the owner, and drives it exclusively on his own business, to a number of places some distance apart, and in a direction opposite to that where the garage is located, the owner will not be liable for the negligent act of the driver committed while the latter was driving the car to the garage.

Argued Oct. 11, 1917.   Appeal, No. 147, Oct. T., 1917, by defendant, from judgment of C. P. No. 4, Philadelphia Co., Dec. T., 1915, No. 4436, on verdict for plaintiff in case of Mary Hannis v. Edwin J. Driver.   Before OR-LADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before FINLETTER, J.

At the trial it appeared that the plaintiff was injured in February, 1916, by the alleged negligent operation of an automobile by Arthur Driver, a brother of the defendant, and employed by him as a chauffeur.   The evidence showed that Arthur Driver had general permission to use and operate the car for his own purposes when he was not engaged in his brother's business.   On the day of the accident he had completed an errand for his employer, and then drove it exclusively on his own business to a number of places some distance apart, and in a direction opposite to that where the garage was located.   The accident happened while the automobile was on its way to the garage.

Verdict and judgment for plaintiff for $1,500.   Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*Ruby R. Vale,* for appellant.—It was uncontroverted that the defendant had given his brother, Arthur, general permission to use the automobile for his own purposes, and from this admitted fact the conclusion of law follows that use by Arthur on his own errand created the relation of bailor and bailee between him and the defendant and, consequently, relieved the defendant of all liability for an accident happening during such use: McColligan v. Penna. R. R. Co., 214 Pa. 229; Scheel v. Shaw, 252 Pa. 451; Bard & Wenrich v. Yohn, 26 Pa. 482; Solomon v. Com. Trust Co., Etc., 256 Pa. 55; Graham v. Henderson, 254 Pa. 137.

There is no evidence of a specific order by the defendant that Arthur return the automobile to the garage after a particular use; and even if such order had been given, the liability of the defendant thereby would not be affected, since as bailee it was Arthur's duty to return the automobile to the garage before the relation of bailment could be terminated: Edward's App., 105 Pa. 103; Stiles v. Seaton, 200 Pa. 114; Reading Automobile Co. v. DeHaven, 53 Pa. Superior Ct. 344.

*Maurice V. Daniels,* for appellee.—The relation of master and servant between the defendant and the driver of the automobile existed at the time of this accident: Graham v. Henderson, 254 Pa. 137; Blaker v. Philadelphia Electric Co., 60 Pa. Superior Ct. 56; Jimmo v. Frick, 255 Pa. 353.

OPINION BY KEPHART, J., December 13, 1917:

We have in this appeal the question of the liability of the owner of an automobile for an injury caused by the negligence of the chauffeur who had general permission to use the car and had been given general instructions to return it to the owner's garage when through using it.

The chauffeur took the car on an errand for the master. After he had completed this errand he drove the car, exclusively on his own business, to a number of places some distance apart and in a direction opposite to that where the garage was located. The accident happened while returning the car to the garage. We have held that the owner of the car would not be liable for damages occasioned through the negligence of one who had permission to use the car where the accident occurred while the car was in such use though traveling in the direction of the place where the owner kept it: Scheel v. Shaw, 60 Pa. Superior Ct. 73; 252 Pa. 451. Where the owner of a car lends or hires it to another and it is wholly under the use, direction and control of the borrower or hirer, the relation of bailor and bailee is created and the bailor is not responsible for the negligent use of the car: Scheel v. Shaw, supra; McColligan v. Penna. R. R. Co., 214 Pa. 229. In such a case the bailment continued during the time the bailee had the use, control and direction of the car. This covered the return of the car with the chauffeur's family. In Solomon v. Commonwealth Trust Co. of Pittsburgh, 256 Pa. 55, it was held that where a car had been taken under the owner's direction to a shop for repairs and to be thereafter returned to the owner's garage and the chauffeur, without authority, used the car for his own purpose, driving in an opposite direction from the garage, and an accident occurred while returning the car to the garage, the owner was not liable to the person injured. The chauffeur in that case was not acting as servant or bailee, even though he was returning the car to the place where his master kept it, and this return was necessary if the car had been taken direct from the repair shop. His acts as to third persons were those of a temporary owner, though he might be liable to the owner in trespass as for a conversion. In Graham v. Henderson, 254 Pa. 137, the jury found that the servant had been permitted to take the car on an errand of his own and was required to return it at a given hour to

a place where the owner was to meet him. On the return he injured the plaintiff. The owner was held liable because the relation of master and servant was resumed when the servant again acted under the specific instructions of the master. The car was then being operated and controlled under the owner's orders. It was in obedience to this express direction that he was returning to meet him at a designated place. In the case at bar the owner permitted the chauffeur, his brother, to use the car at any time. This permission continued until the owner did something to assert his control over the car. When the car was used by the chauffeur for his own purpose, the relation of master and servant, that had existed prior to the initial departure of the servant on his own account, was superseded by the bailment and this latter relation continued until the car was returned to the place provided by the owner for its lodgment, or until the chauffeur was again acting under the master's specific direction and control. At any moment prior to the time the accident occurred, the servant could have used the car in his own business. His right to use the car for his own purpose had not been suspended by the happening of the accident; he could immediately thereafter have so used it. That incident did not have the effect of changing the status of the owner and borrower. The general instruction to return the car cannot be viewed in any other light than the ordinary obligation incident to every bailment that the chattel must be returned to the owner's possession. This must be the guiding principle, unless in the contract of bailment it expressly appears to the contrary.

The judgment of the court below is reversed and the record is remitted with direction to enter judgment n. o. v. for the defendant.