## Dregier et al. *v.* Kramer, Appellant.

*Negligence — Automobiles — Ownership of automobile—Use by employee—Conflict of testimony—Evidence—Case for jury.*

In an action against the owner of an automobile for personal injuries, where defendant alleges that, at the time of the accident, the car was being driven by an employee for his own pleasure and without defendant's consent, and this claim is met by conflicting proof that it was used for defendant's business at the time, the case is for the jury.

Argued December 7, 1927.    Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAF-FER, JJ.

Appeals, Nos. 287 and 288, Jan. T., 1927, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1924, No. 3138, on verdicts for plaintiffs, in case of Lawrence Dregier, Jr., a minor, by his father and next friend, Lawrence Dregier, and Lawrence Dregier, in his own right, v. Theodore Kramer.    Affirmed.

Trespass for personal injuries to minor.    Before STERN, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for Lawrence Dregier, Jr., for $4,300, and for Lawrence Dregier for $700.    Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v., quoting record.

*C. William Freed,* for appellant, cited: Holzheimer v. Lit Bros., 262 Pa. 150; Felski v. Zeidman, 281 Pa. 419; Solomon v. Trust Co., 256 Pa. 55; Zotter v. R. R., 280 Pa. 14; Bernstein v. R. R., 252 Pa. 581; Gordon v. R. R., 268 Pa. 497.

*Robert M. Bernstein,* for appellee, cited: Blaker v. Elec. Co., 60 Pa. Superior Ct. 56; Graham v. Henderson, 254 Pa. 137; Witte v. Motor Co., 244 Pa. 172; Solomon v. Trust Co., 256 Pa. 55; Maloy v. Rosenbaum, 260 Pa. 466; Walker v. Cab Co., 75 Pa. Superior Ct. 334.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1928:

The minor plaintiff, who was struck and injured by an auto-truck owned by defendant and driven by Richard Mills, an employee, brought this action, together with his father, to recover the resulting damages. The trial led to verdicts in plaintiffs' favor and from the judgments entered defendant appeals.

The sole question to be determined is whether at the time of the injury Mills was driving the truck in his master's employment and on his business or whether he was using it on a mission of his own. The truck, defendant admitted, was used in his hop and malt business to make delivery of merchandise to his customers. Both Mills and defendant testified that the truck was not being used on the latter's account; the defendant's testimony was that he was absent from home in Atlantic City at the time, the accident occurring in Philadelphia, and the driver stated that he was using it for a purpose of his own without his employer's knowledge or acquiescence, to visit a friend. Both defendant and Mills said that the latter was employed to drive the truck only between the hours of 7 and 10 o'clock at night and the accident occurred at 3:15 in the afternoon.

Against the testimony of defendant and the driver, Mills, there is the evidence of a witness Clements, who, while he was not riding in the truck at the time of the accident, was doing so within a few minutes thereof. He says that shortly after noon he was invited by Mills to ride with him, that Mills while he accompanied him was engaged in delivering merchandise of defendant and that he, Clements, assisted Mills in the deliveries by holding the printed billheads or delivery slips on which

appeared defendant's name, address and the merchandise he traded in, and that, in each instance when goods were delivered, the specific nature of the package was written on one of the billheads with the price and whether it was C. O. D. He said that in certain instances when Mills returned to the truck after making a delivery he had money in his hands. He testified that there were four orders on the truck consisting of kegs of wine, malt extract and articles in paper bags, the nature of which he did not know. Three witnesses testified that they had ridden on the truck with Mills on other occasions during the daytime while he was delivering defendant's merchandise.

Defendant admitted that he had left the management of his business to his wife, who was not called as a witness to show that Mills was not operating the truck for her at the time of the accident.

As countervailing the suggestion that even if Mills had been delivering defendant's goods during the afternoon, after completing this duty he deviated from his route back to the garage and therefore had disassociated himself from defendant's business at the time of the accident, there was evidence going to show that the route taken by him from the place of last delivery to defendant's garage was the most direct and best paved.

The disputed question as to whether Mills was driving the truck on his master's business or on his own affairs was, under the testimony recited, for the jury. The learned trial judge properly submitted the case to them and would have erred had he entered judgment for defendant.

The judgments are affirmed.