Martin, Appellant, *v.* Lipschitz.

Argued January 7, 1930. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

212

*Frank F. Truscott,* of *Bell, Trinkle, Truscott & Bell,* with him *William Brown, Jr.,* for appellant.—The question as to whether or not an agent or servant is within the scope of his employment and on the master's business at any particular time is one for the jury to determine when a plaintiff has produced evidence from which an inference can be drawn that such agent or servant is within the scope of his employment and actually on his master's business: Fuller v. Coal Co., 268 Pa. 328; McDonald v. Pittsburgh, 278 Pa. 485; Parker v. Motor Car Co., 241 Pa. 461; Blaker v. Electric Co., 60 Pa. Superior Ct. 56; Zondler v. Mfg. & Supply Co., 277 Pa. 98.

It is conflicts and contradictions, such as set forth above, that essentially make a case like the instant case under our law one for a jury to decide: Dregier v. Kramer, 292 Pa. 9; Zondler v. Mfg. & Supply Co., 277 Pa. 98.

*H. Rook Goshorn,* with him *Frank R. Ambler* and *Harry S. Ambler, Jr.,* for appellee.—Defendant's motion for judgment on the whole record was properly granted, because plaintiff did not sustain the burden which devolved on her, of proving that at the time of the accident the driver of the car was acting within the scope of his employment, but, on the contrary, her own evidence showed that he was not so acting: Lotz v. Hanlon, 217 Pa. 339; Scheel v. Shaw, 252 Pa. 451, 60

Pa. Superior Ct. 73; Solomon v. Trust Co., 256 Pa. 55; Beatty v. Tire & Rubber Co., 263 Pa. 271; Goater v. Klotz, 279 Pa. 392; Orluske v. Motors Co., 286 Pa. 170; Buck v. Cab Co., 75 Pa. Superior Ct. 440; Myers v. Strousse, 94 Pa. Superior Ct. 440.

OPINION BY MR. JUSTICE WALLING, January 27, 1930:

At about nine o'clock on the morning of May 1, 1925, plaintiff's husband, Charles A. Martin, while walking across Twenty-second Street at Cumberland Street, Philadelphia, was killed by Leon Lipschitz's automobile, northbound in the former street. The proof warranted a finding of negligence on part of the driver, Frank Jones, and this suit therefore was brought against Lipschitz, the controlling question being whether there was any submissible evidence that Jones was at the time engaged in the owner's business. At the trial the jury disagreed, and, later, the court in banc entered judgment for the defendant on the whole record, under the Act of April 20, 1911, P. L. 70, and plaintiff has appealed.

We must, therefore, assume the truth of the evidence for plaintiff and every inference in her favor that may properly be drawn therefrom. Even so doing, we are not convinced that the judgment was improperly entered. This car was kept by the defendant for his private use and the burden was on the plaintiff of showing that at the time of the accident it was being driven for him. Neither the defendant nor any of his family was in the car and the sole evidence tending to show his liability, aside from ownership of the car, was that of a police officer who talked with the defendant on the evening of the accident and who testified: "Mr. Lipschitz told me he was the owner of the car, he had given this man, who was in his employ at that time as chauffeur, he had taken him to New York City. The chauffeur brought him back; that night it was raining and the car got muddy. When he came back to his place of

business at 3004 North Twenty-second Street he told the chauffeur to take that car to the garage, have it washed and have that car brought back to him in the morning." The officer drew the conclusion that the accident occurred when Jones was delivering the car in the morning, but the defendant did not so state. The officer's testimony lacks the necessary details to fasten liability on the defendant. It fails to show where the garage was located or that the car was on the street between the garage and the defendant's home, or that in fact it was being driven from one to the other. Something more definite must be shown than that Jones was chauffeur for defendant and was driving his car north on Twenty-second Street. See Lotz v. Hudson, 217 Pa. 339, 341. The ownership of the car raises no presumption of liability. The mere fact that the servant was afforded the facilities causing the injury, through his relation to the master, without more, is of no moment. See Sherman & Redfield on Negligence (6th ed.), volume 1, section 147.

Furthermore, while not considered in arriving at our decision, the situation is clarified by the uncontradicted evidence for the defense by which it appears Jones was employed as car washer in a public garage located near 4600 North Fifteenth Street, known as the Bellefield garage; that defendant had his home and store at 3004 North Twenty-second Street, where he kept his car in a private garage; that Jones had occasionally acted as his chauffeur and washed the car there; that on their return from New York, where Jones had driven the car for defendant, a day or two before the accident, he had requested permission to take the car to the Bellefield garage where he had better facilities for washing it and had promised to bring it back in the morning. In place of so doing, however, Jones, having worked there during the night, as was his custom, took the car at about seven o'clock a. m. and for a purpose of his own drove onto Oran Street to the home of Allen Hartison, then drove

Hartison on to Allegheny Avenue where the latter took a trolley car. Then, having picked up an acquaintance named Alexander, Jones drove to his own home near 1800 Ridge Avenue where he ate breakfast. Then, accompanied by Alexander, he drove to a speakeasy at 2125 Stewart Street where they drank whiskey and at about nine o'clock Jones, while driving the car north on Twenty-second Street, caused the accident. There is a dispute as to whether Alexander was then in the car and some slight uncertainty as to one or two other unimportant matters. It is entirely clear, however, that Jones worked at the Bellefield garage and was to and did take the car there for the sole purpose of washing it and took it out in the morning for his own convenience and a joy ride and drove many blocks south of the defendant's residence.

Again, the accident did not happen on any line of travel between the garage and the defendant's home, nor while the car was between the two nor moving from one to the other, but while it was five blocks south of the home and more than twenty blocks south of the garage. Moreover, Jones could have driven the car home from the garage in less than ten minutes, whereas he had been out with it for more than two hours and had disconnected the speedometer to conceal his joy ride. Unless the servant is at the time engaged in the master's business, the latter is not liable for the negligence of the former (Orluske v. Nash Pgh. Motors Co., 286 Pa. 170; Buck v. Quaker City Cab Co., 75 Pa. Superior Ct. 440), and the burden of proving that he was so engaged rests on the plaintiff. Mr. Justice SCHAFFER, speaking for the court, in Farbo v. Caskey, 272 Pa. 573, 576, says: "In an unbroken line of decisions, we have held that, in an action to recover damages for injuries resulting from an automobile accident, it is necessary for plaintiff to prove, in some adequate manner, not only that defendant was the owner of the car, and the driver was

his servant, but that such servant was at the time engaged in the master's business."

Damage done through the instrumentality of a private car raises no presumption against an absent owner and one who charges him with liability therefor must prove that the car was being operated for him, and the operator must, in doing the wrongful act, occupy toward the owner the position of agent or servant. For example, an absent father is not liable for damages caused by his car when negligently driven by his son, on the latter's business or for his pleasure (Piquet et ux. v. Wazelle, 288 Pa. 463; Markle v. Perot, 273 Pa. 4; Kunkle v. Thompson, 67 Pa. Superior Ct. 37), and the same is true when an owner's car is negligently driven by his chauffeur on the latter's business or for his pleasure. A familiar case is that of Scheel v. Shaw, 60 Pa. Superior Ct. 73, affirmed in 252 Pa. 451. See also Beatty v. Firestone T. & R. Co., 263 Pa. 271. Where the proof as to that question is conflicting, the case is for the jury: Dregier et al. v. Kramer, 292 Pa. 9.

The relation of master and servant between the defendant and Jones, only occasional, having been broken when he took the car and drove it for his own purpose, was not resumed until he had returned it to its proper place. That Jones was headed in that direction at the time of the accident is not important. We so hold in Solomon v. Com. Tr. Co. of Pgh., 256 Pa. 55, in an opinion by former Chief Justice BROWN; while in the very recent case of Myers v. Strouse, 94 Pa. Superior Ct. 440, Judge KELLER, speaking for the court, holds that where a chauffeur has wrongfully taken the owner's car for his own purpose, the relation of master and servant is not resumed until the car has been returned to the place from which it first deviated. The same rule is stated by Mr. Justice KEPHART, when in the Superior Court and speaking for it, in Hannis v. Driver, 68 Pa. Superior Ct. 548. In other words, the entire act of the chauffeur was unauthorized and the owner of the car no more liable for

any part of it than he would be had a stranger taken the car.   Otherwise, had Jones driven to a distant city for his own purpose he would have been in the line of his employment the moment he started to return.   The settled rule that the master is only liable for the act of the servant when done in the course of the employment is applicable to chauffeurs as well as to other employees.

This was a most distressing accident, but one for which the defendant cannot be held liable.

The judgment is affirmed.