## Lang v. Kessler

R. J. Puderbaugh, for plaintiff; J. J. Haberstroh, for defendant.

PATTERSON, P. J., December 23, 1931.—Plaintiff, crossing Union Avenue in the City of Altoona, Pa., in the evening of September 18, 1930, was struck and

seriously injured by a truck operated by one Paul Kessler, a son of H. C. Kessler, defendant. Plaintiff's statement avers that the truck was owned by H. C. Kessler and was operated and under the control of the defendant or his employe and servant and was engaged in the business of the defendant at the time of the accident.

The testimony on the part of the plaintiff proved that H. C. Kessler, the defendant, admitted on one occasion that he owned the truck. There was no business name on any part of the truck, neither was there any evidence that either the truck or the driver was engaged in defendant's business at the time of the accident, and at the close of the plaintiff's case counsel for defendant moved for a compulsory nonsuit, for the reasons (1) that there was no proof that Paul Kessler, the operator of the truck, was the agent or employe of the defendant, and (2) that there was no evidence that said Paul Kessler was operating the said truck at the special instance and request of the defendant or upon the business or in the course of defendant's business. The motion was sustained and compulsory nonsuit directed to be entered. Plaintiff now seeks to have the nonsuit stricken off. This we cannot do for the reasons assigned at the time of entering the same.

We have examined many appellate court decisions and can find none which would sustain the contention of the plaintiff. Counsel for the motion relies upon Hartig v. American Ice Co. et al., 290 Pa. 21, 29, but in that case the car in question bore the regular business sign of defendant company, was at the time of the accident at a business plant where the latter was adding to its buildings, and was loaded with material which prima facie was fitted to go into these new buildings, and there were witnesses of subcontractors who testified that the pipe did not belong to them, which left the inference that it must have belonged to the defendant company. There are not any such facts in the present case. There was no firm or business name on the truck; there was no merchandise or empty boxes. The accident occurred in the evening after business hours, and, as the Supreme Court has said in a number of decisions, the mere fact that the defendant was the owner of the car in itself alone furnishes no foundation for his liability. Quoting from the syllabus in the case of Farbo v. Caskey, 272 Pa. 573, it is held:

"In an action to recover damages for injuries resulting from an automobile accident, it is necessary for plaintiff to prove, in some adequate manner, not only that defendant was the owner of the car, and the driver his servant, but that such servant was at the time engaged in the master's business."

And in Schroeder et ux. v. Gulf Refining Co. (No. 1), 300 Pa. 397, 402, opinion by Mr. Justice Sadler, the following rule is again stated:

"The burden is on the plaintiff to show the one causing the injury was a servant (Rucinski v. Cohn, 297 Pa. 105), and the use of property for another, producing the harm complained of, such as an automobile, does not prove in itself authority to perform the act causing damage: Lotz v. Hanlon, 217 Pa. 339; Scheel v. Shaw, 252 Pa. 451; Martin v. Lipschitz, 299 Pa. 211; Zavodnick v. Rose, 297 Pa. 86."

In Treon v. Shipman & Son, 275 Pa. 246, 248, the Supreme Court, in an opinion by Mr. Justice Kephart, says:

"We have laid down the rule that, in order to fix liability for an injury resulting from an automobile collision, it is necessary for plaintiff to show, not only that the car belonged to defendant, but that it was engaged in and about his business at the time the injury occurred."

Other cases supporting this rule are Orluske v. Nash Pittsburgh Motors Co., 286 Pa. 170, and Luckett v. Reighard, 248 Pa. 24.

There is absolutely no testimony in the present case to meet the requirements laid down in the foregoing decisions, and we, therefore, find it necessary to refuse plaintiff's motion, and the motion to strike off compulsory nonsuit entered in this case is denied. From Robert W. Smith, Hollidaysburg, Pa.