Powers et al., Appellants, *v.* Wells et al.

Argued October 16, 1934.

Before TREXLER, J. P., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Robert M. Bernstein,* and with him *Milford J. Meyer,* for appellants.

*Henry S. Ambler,* and with him *Frank R. Ambler* and *Harry S. Ambler, Jr.,* for appellee.

OPINION BY BALDRIGE, J., January 4, 1935:

About 3:20 P. M. on May 9, 1930, the minor plaintiff was struck and injured at Midvale Avenue and East River Drive, Philadelphia, by an automobile owned by Elise J. B. Edmonds, and operated by James Wells, employed by Mr. and Mrs. Edmonds to do odd jobs around the house, drive Mr. Edmonds to the station and the children to and from school. The Edmonds' home is at Whitemarsh, about seven miles north of the John Storey Jenks School at Chestnut Hill attended by the children. Wells usually left the house about 3:00 o'clock to be at the school at 3:30, but on the afternoon of the accident he left about 2:30 and went to 16th and Fairmount Avenue, approximately ten miles beyond the school, to obtain some parts for his own automobile. It was on his way to the school from this place, and when he was about six miles from the school, that the accident occurred. Suit was brought against Wells by the minor plaintiff, by her next friend, her father, and her father in his own right. Judgments were obtained by both plaintiffs.

Mrs. Edmonds carried insurance with the Yorkshire Indemnity Company. The policy provided, inter alia, that "The insurance ...... is so extended as to be available ...... to any person operating, and/or to any other person while riding in and/or to any other person, firm or corporation legally responsible for the operation of any of the automobiles described in the warranties, provided such use or operation is lawful

and with the permission of the named assured, or of an adult member of assured's family." The appellants issued attachments sur judgments, summoning the insurance company as garnishee. The case came on for trial, and verdicts were rendered in favor of the garnishee, in accordance with directions of the trial judge.

The question that presents itself is whether the plaintiffs successfully carried the burden of proving that Wells had either express or implied permission to use the car at the time and place of the accident. The court below found there was no such proof, and we think that conclusion is correct. The plaintiffs to show authority relied upon the testimony of Wells, who said that on several occasions he had permission to use the Edmonds' car, but when asked, "Did you get special permission or ask about using it, or did you just use it and later on find that it was all right?" he answered, "If they were not home I would take it and she might ask where I had been, I might stay longer than I should, and she would ask where I had been, and I would tell her so-and-so, something like that." This testimony is too vague to establish a common practice on the part of the insured to permit Wells to use the automobile for his own purposes. Assuming that Wells had, on several occasions, permission to use his employers' automobile, that was insufficient proof of a general practice or common usage, justifying the implication that he had permission from his employers or an adult member of the family on the afternoon of the accident to use this car for his personal purposes. The lower court held further that Wells acted contrary to Mrs. Edmonds' express instructions to him "not to go down to the heart of the city." It is unnecessary to determine whether the place of the accident was in the "heart of the city," for there was a clear failure on the part of the plain-

tiffs to carry the burden of showing either implied or express permission to use the automobile where the accident occurred. Express authority to use a car for a special purpose does not extend this right for all purposes. Permission, therefore, to use the car to carry the children home from school can not be construed as permission to Wells to use it for his private purposes. He had abandoned the duties of his employment, when, instead of going for his employer's children, he proceeded to a distant point on an individual errand. The relation of master and servant had been broken and had not been resumed. In such circumstances, there can be no question but that the employer, the owner of the car, was not liable; nor can the insurer be compelled to answer for Wells' negligence, notwithstanding he had original permission to use the car for limited purposes: Solomon v. Com. Trust Co. of Pgh., 256 Pa. 55, 100 A. 534; Martin v. Lipschitz, 299 Pa. 211, 149 A. 168; Hannis v. Driver, 68 Pa. Superior Ct. 548; Myers v. Strousse, 94 Pa. Superior Ct. 440.

While no appellate decision that is exactly in point has been found in this Commonwealth by counsel or ourselves, this question has come up in other jurisdictions. The appellants have cited Dickinson v. Md. Cas. Co. (Conn.), 125 A. 866; Peterson v. Maloney (Minn.), 232 N. W. 790; Drewek v. Milwaukee Auto Ins. Co. (Wis.), 240 N. W. 881; Stovall v. N. Y. Indem. Co. (Tenn.), 8 S. W. (2d) 473. In all but the last case, express permission had been given to use the car, the question involved being whether the deviation was such as to affect the insurer's liability. Two of the five judges in the Dickinson case dissented. The Stovall case is very similar to the case at bar, but, in our judgment, the reasoning is not sound nor the conclusion correct. In refusing to follow it, we bring ourselves in accord with a number of decisions in other

jurisdictions. In Denny v. Royal Indem. Co. (Ohio), 159 N. E. 107, an employee, whose duty it was to go to a designated place each day, extended his trip and went to see his mother who lived in the same city in which he was employed. The court held that he had no permission from his employer, either express or implied, to use the car for that purpose, and directed a verdict for the defendant. See, also, Kazdan v. Stein (Ohio), 160 N. E. 704. In Fredericksen v. Employers' Liability Assurance Corp. (9th Circuit), 26 F. (2d) 76, the owner gave to one Bryson permission to take his car to a funeral. After the funeral, Bryson and some of his companions drove the car a distance of 40 miles. The court held that while slight deviations by one who had permission of the insured to use the car for a specific purpose do not affect the insurer's liability for injuries, the permission did not include the use of the car after the funeral, and, therefore, the insurer was not liable. To the same effect are Trotter v. Union Indem. Co. (9th Circuit), 35 F. (2d) 104; Johnson v. American Auto. Ins. Co. (Me.), 161 A. 496.

Our conclusion is that the terms of the policy clearly provide for the liability of the insurer only when the automobile is being used by one other than the insured with either express or implied permission. As Wells was doing something radically different from that which he was authorized to do, there was no liability on the part of the appellee.

Finding no error in the lower court's disposition of this case, judgment is affirmed.